Thomas A. Smart
Phillip A. Geraci
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000

*Attorneys for Plaintiff JA Apparel Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| JA APPAREL CORP., | : |
| Plaintiff, | :    Civil Action No. 07-cv-___ |
| v. | : |
| JOSEPH ABBOUD, HOUNDSTOOTH CORP., and HERRINGBONE CREATIVE SERVICES, INC., | : |
| Defendants. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF THOMAS A. SMART IN SUPPORT OF
PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE
WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ENTERED**

I, Thomas A. Smart, declare pursuant to 28 U.S.C. § 1746 as follows:

1.   I am a partner at Kaye Scholer LLP, counsel for plaintiff JA Apparel Corp.

("JA Apparel").  Except where otherwise stated, I make this declaration upon personal

knowledge of the facts set forth herein.  I am over 18 years of age and can competently testify to

the matters set forth herein.

2.   Pursuant to Local Rule 6.1(c), I submit this declaration in support of JA

Apparel's Application for an Order to Show Cause, in the form submitted herewith, why a

preliminary injunction should not be entered against defendants Joseph Abboud, Houndstooth

Corp., and Herringbone Creative Services, Inc., (together, "defendants") (a) enjoining defendants (1) from infringing and diluting JA Apparel's well-known "Joseph Abboud" trademarks, and any other trade names, trademarks and designations incorporating the trademark, trade name and designation "Joseph Abboud," "designed by Joseph Abboud," "by Joseph Abboud," "or anything similar thereto or derivative thereof" (collectively, the "ABBOUD marks"), in connection with any goods or services; (2) from manufacturing, advertising, marketing, promoting, offering to sell or otherwise distributing any goods or services in connection with the ABBOUD marks, or any other similar mark; (b) requiring defendants to recall from publication and dissemination all advertising and marketing materials that contain the ABBOUD marks; (c) requiring defendants to destroy any and all products, advertising, marketing or promotional materials, labels, and point of sale materials, that contain the ABBOUD marks; and (d) providing the other relief set forth in JA Apparel's proposed Order to Show Cause.   I also submit this declaration in support of JA Apparel's application by way of order to show cause for expedited discovery in aid of a preliminary injunction.

      3.   Plaintiff seeks a preliminary injunction by Order to Show Cause because, as set forth in the accompanying declaration of JA Apparel's Senior Vice President and Chief Financial Officer, Eric Spiel, defendants' conduct is causing severe and irreparable harm to JA Apparel and the reputation and goodwill of its valuable ABBOUD marks and its Joseph Abboud brand.

      4.   In June 16, 2000, JA Apparel entered into a Purchase and Sale Agreement (the "Purchase and Sale Agreement") with Mr. Abboud and Houndstooth in which JA Apparel purchased all the ABBOUD marks, and their related goodwill, as well as any license agreements pertaining to those marks, for a purchase price of $65.5 million.  Thus, by virtue of the Purchase

and Sale Agreement, JA Apparel owns numerous trademark registrations and applications for various ABBOUD marks.  On August 6, 2007, it came to JA Apparel's attention that defendants have entered into licensing and manufacturing agreements with various companies and individuals to design, produce, and market a Fall 2008 menswear collection called "jaz."  JA Apparel learned that defendants plan to use the trade name, trademark and designation "a new composition by designer Joseph Abboud" in connection with their promotion and sale of the "jaz" menswear collection, which are directly competitive products to those that JA Apparel offers under its ABBOUD marks.  The use by defendants of the trade names, trademarks and designations "a new composition by designer Joseph Abboud" and "Joseph Abboud" in connection with the sale and advertising of menswear is in breach of the parties' Purchase and Sale Agreement, infringes JA Apparel's trademark and common law rights, and is likely to cause confusion, resulting in irreparable harm to JA Apparel and, unless preliminary enjoined, will continue to cause irreparable harm to JA Apparel.

5.   JA Apparel has brought this application for an Order to Show Cause promptly following its recent discovery that defendants plan to market and advertise their menswear using the trade names, trademarks and designations "a new composition by designer Joseph Abboud" and "Joseph Abboud" in clear breach of the Purchase and Sale Agreement.  Such use also infringes JA Apparel's federally registered trademarks.

6.   Preliminary injunctive relief from the Court is necessary to prevent further harm to JA Apparel.  Accordingly, JA Apparel seeks entry of an Order to Show Cause providing for expedited briefing on its request for a preliminary injunction, expedited discovery in aid thereof, and an expedited hearing date on that motion.

7.   I further state that no prior request has been made to this or any other tribunal for the relief sought in connection with this request.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 4th day of September, 2007 at New York, New York.

_____s/_____
Thomas A. Smart