Thomas A. Smart
Phillip A. Geraci
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000

*Attorneys for Plaintiff JA Apparel Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

| | |
|---|---|
| JA APPAREL CORP., | : |
| Plaintiff, | : Civil Action No. 07-cv-___ |
| v. | : |
| JOSEPH ABBOUD, HOUNDSTOOTH CORP., and HERRINGBONE CREATIVE SERVICES, INC., | : **ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND** |
| | : <u>**EXPEDITED DISCOVERY**</u> |
| Defendants. | : |

------------------------------------x

An application by order to show cause for a preliminary injunction and for expedited discovery in aid thereof having been made by plaintiff, JA Apparel Corp. ("JA Apparel"), and upon the reading and filing of the summons and complaint, the declaration of Eric Spiel, dated August 30, 2007, and exhibits thereto, the declaration of Thomas A. Smart, dated September 4, 2007, and plaintiff's memoranda of law in support of its application; and for good cause shown,

IT IS ORDERED that defendants, Joseph Abboud, Houndstooth Corp., and Herringbone Creative Services, Inc., show cause to this Court, on the ____ day of _____, 2007, at __.m. of that day in Courtroom _____ of the United States Courthouse, 500 Pearl Street, New York, New York, or as soon thereafter as counsel can be heard, why:

1.  plaintiff JA Apparel should not be granted a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure:

(A) restraining and enjoining defendants, their officers, directors, agents, employees, servants, representatives, attorneys, successors, assigns, licensees and others controlling, controlled by or affiliated with them and all those in privity or active concert or participation with any of the foregoing, and all those who receive actual notice by personal service or otherwise, pending trial in this matter, from:

(1) using any name, trademark, trade name, service mark, logo, insignia or designation that includes the words or phrases "Joseph Abboud," "JA," "designed by Joseph Abboud," "by Joseph Abboud," "by designer Joseph Abboud," "composition by designer Joseph Abboud," or anything similar thereto or derivative thereof, either alone or in conjunction with other words or symbols, in connection with any goods or services;

(2) manufacturing, advertising, marketing, promoting, offering to sell, selling or otherwise distributing any goods or services in connection with any name, trademark, trade name, service mark, logo, insignia or designation that includes the words or phrases "Joseph Abboud," "JA," "designed by Joseph Abboud," "by Joseph Abboud," "by designer Joseph Abboud," "composition by designer Joseph Abboud," or anything similar thereto or derivative thereof, either alone or in conjunction with other words or symbols; and

(B) requiring defendants to recall from publication and dissemination all advertising, marketing or promotional materials, labels and point of sale materials that contain any name, trademark, trade name, service mark, logo, insignia or designation that includes the words or phrases "Joseph Abboud," "JA," "designed by Joseph Abboud," "by Joseph Abboud," "by designer Joseph Abboud," "composition by designer Joseph Abboud," or anything similar or derivative thereof;

(C) requiring defendants to destroy any and all products, advertising, marketing or promotional materials, labels and point of sale materials that contain any name, trademark, trade name, service mark, logo, insignia or designation that includes the words or phrases "Joseph Abboud," "JA," "designed by Joseph Abboud," "by Joseph Abboud," "by designer Joseph Abboud," "composition by designer Joseph Abboud," or anything similar or derivative thereof;

(D) requiring defendants to recall from distribution any and all products in connection with which defendants have used any name, trademark, trade name, service mark, logo, insignia or designation that includes the words or phrases "Joseph Abboud," "JA," "designed by Joseph Abboud," "by Joseph Abboud," "by designer Joseph Abboud," "composition by designer Joseph Abboud," or anything similar or derivative thereof;

(E) prohibiting defendants from competing with plaintiff for a period of time determined by the Court based on Mr. Abboud's breaches of the non-competition provisions of his Side Letter Agreement prior to July 13, 2007; and

(F) granting such other and further relief as this Court may deem just and proper; and

2. an Order permitting expedited discovery in aid of a preliminary injunction, in accordance with the Proposed Scheduling Order attached hereto as Exhibit 1, should not be entered.

IT IS FURTHER ORDERED that service of a copy of this Order to Show Cause, together with a copy of the summons, complaint, memoranda of law and declarations upon which it is based, shall be due and timely served if service is made upon defendants or their counsel on or before __ o'clock __.m. on September __, 2007;

IT IS FURTHER ORDERED, that defendants shall have until, and including, _____ __, 2007, at ____ __.m., within which to file and serve, by hand, on plaintiff's counsel, Kaye Scholer LLP, 425 Park Avenue, New York, New York, 10022, any memoranda of law, declarations or other papers in opposition to plaintiff's motion for a preliminary injunction;

IT IS FURTHER ORDERED, that plaintiff shall have until, and including, _____ __, 2007, at ____ __.m., within which to file and serve, by hand, on defendants' counsel any reply memoranda of law, affidavits or other papers in further support of its motion for a preliminary injunction.

Dated: September   , 2007
      New York, New York

                             So Ordered:

                             _____
                             United States District Judge