Thomas A. Smart
Phillip A. Geraci
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000

*Attorneys for Plaintiff and Counterclaim-Defendant JA Apparel Corp.
and Counterclaim-Defendant Martin Staff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
JA APPAREL CORP.,              :
                               :
    Plaintiff,                 :   Civil Action No. 07 CV 07787 (DAB)
                               :
    v.                         :
                               :
JOSEPH ABBOUD, HOUNDSTOOTH     :   **REPLY OF PLAINTIFF AND
CORP., and HERRINGBONE CREATIVE:   COUNTERCLAIM-DEFENDANTS
SERVICES, INC.,                :   JA APPAREL CORP. AND
                               :   MARTIN STAFF**
    Defendants.                :
------------------------------ x
JOSEPH ABBOUD, HOUNDSTOOTH     :
CORP., and HERRINGBONE CREATIVE:
SERVICES, INC.,                :
                               :
    Counterclaim-Plaintiffs,   :
                               :
    v.                         :
                               :
JA APPAREL CORP. and MARTIN STAFF, :
                               :
    Counterclaim-Defendants.   :
------------------------------ x

Counterclaim-defendants JA Apparel Corp. ("JA Apparel") and Martin Staff ("Staff"), by their attorneys Kaye Scholer LLP, for their reply to the counterclaims of defendants Joseph Abboud ("Abboud"), Houndstooth Corp. ("Houndstooth"), and Herringbone Creative Services, Inc. ("Herringbone"), allege as follows:

31546197.DOC

## JURISDICTION AND VENUE

130. Admit the allegations contained in Paragraph 130 of the answer and counterclaims.

131. Admit the allegations contained in Paragraph 131 of the answer and counterclaims

## PARTIES

132. Admit on information and belief the allegations contained in Paragraph 132 of the answer and counterclaims.

133. Admit on information and belief the allegations contained in Paragraph 133 of the answer and counterclaims.

134. Admit on information and belief the allegations contained in Paragraph 134 of the answer and counterclaims.

135. Admit the allegations contained in Paragraph 135 of the answer and counterclaims.

136. Deny the allegations contained in Paragraph 136 of the answer and counterclaims, except admit that Staff is an individual.

## FACTS COMMON TO ALL COUNTERCLAIMS

137. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the answer and counterclaims, except admit that Mr. Abboud has been involved in the design of clothing and other products and admit on information and belief that Mr. Abboud was in the past associated with a store called Louis Boston.

138. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the answer and counterclaims, except admit on

information and belief that in the past Mr. Abboud was associated with Polo Ralph Lauren and was involved in the design of ties for Chanel, and deny that Mr. Abboud began working for Polo Ralph Lauren as a designer.

139. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the answer and counterclaims, except admit on information and belief that Mr. Abboud launched an eponymous menswear line in or around 1987 and has won several awards.

140. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the answer and counterclaims, except admit on information and belief that Mr. Abboud has won several awards.

141. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the answer and counterclaims, except aver that NBC broadcasters for the Olympics and CBS sportscasters for various events, including the NCAA basketball tournament, were outfitted in JA Apparel clothing sold under the JOSEPH ABBOUD trademark and that the automobile interior designs referred to in Paragraph 141 were done under the auspices of JA Apparel.

142. Deny the allegations contained in Paragraph 142 of the answer and counterclaims, except admit that Mr. Abboud considers himself to be a celebrity and has appeared in a number of media venues, including shows hosted by Bill O'Reilly and Don Imus.

143. Deny the allegations contained in Paragraph 143 of the answer and counterclaims, except admit that in 2004 a book about Mr. Abboud entitled *Threads* was published and its authors were stated to be Mr. Abboud and Ellen Stern.

144. Deny the allegations contained in Paragraph 144 of the answer and counterclaims, except admit on information and belief that Mr. Abboud has participated in charity events.

145. Deny the allegations contained in Paragraph 145 of the answer and counterclaims, except admit on information and belief that Mr. Abboud has taught courses and participated in CFDA events.

146. Deny the allegations contained in Paragraph 146 of the answer and counterclaims.

147. Deny the allegations contained in Paragraph 147 of the answer and counterclaims, except admit that on or about June 16, 2000, Abboud entered into a Purchase and Sale Agreement (the "Purchase and Sale Agreement") with JA Apparel, pursuant to which Mr. Abboud sold to JA Apparel all the ABBOUD trademarks (as defined in plaintiff's complaint in this action), including "Joseph Abboud," "designed by Joseph Abboud," "by Joseph Abboud," "JOE," and "anything similar thereto or derivative thereof," and their related goodwill, as well as any license agreements pertaining to those trademarks, and other assets described in that agreement, for a purchase price of $65.5 million, "allocated 100% to [Mr.] Abboud," and refer to the Purchase and Sale Agreement for its contents.

148. Deny the allegations contained in Paragraph 148 of the answer and counterclaims, except admit that on or about July 13, 2000, Abboud entered into a personal services agreement with JA Apparel (the "Side Letter Agreement"), and refer to the Side Letter Agreement for its contents.

149. Deny the allegations contained in Paragraph 149 of the answer and counterclaims, except admit that pursuant to the Side Letter Agreement, the Personal Service Period ended on July 13, 2005, and that for the following two years Mr. Abboud agreed to refrain from a host of activities described in that agreement, and refer to the Side Letter Agreement for its contents.

150. Deny the allegations contained in Paragraph 150 of the answer and counterclaims.

151. Deny the allegations contained in Paragraph 151 of the answer and counterclaims.

152. Deny the allegations contained in Paragraph 152 of the answer and counterclaims.

153. Deny the allegations contained in Paragraph 153 of the answer and counterclaims.

### FIRST CAUSE OF ACTION
### (FALSE ENDORSEMENT (15 U.S.C. §1125(A)(1)(A))

154. Repeat and reallege paragraphs 130-153 of this reply as if set forth in full.

155. Deny the allegations contained in Paragraph 155 of the answer and counterclaims.

156. Deny the allegations contained in Paragraph 156 of the answer and counterclaims.

157. Deny the allegations contained in Paragraph 157 of the answer and counterclaims.

158. Deny the allegations contained in Paragraph 158 of the answer and counterclaims.

159. Deny the allegations contained in Paragraph 159 of the answer and counterclaims.

### SECOND CAUSE OF ACTION
### (FALSE ADVERTISING (15 U.S.C. §1125(A)(1)(B))

160. Repeat and reallege paragraphs 130-159 of this reply as if set forth in full.

161. Deny the allegations contained in Paragraph 161 of the answer and counterclaims.

162. Deny the allegations contained in Paragraph 162 of the answer and counterclaims.

163. Deny the allegations contained in Paragraph 163 of the answer and counterclaims.

164. Deny the allegations contained in Paragraph 164 of the answer and counterclaims.

165. Deny the allegations contained in Paragraph 165 of the answer and counterclaims.

### THIRD CAUSE OF ACTION
### (VIOLATION OF NEW YORK CIVIL RIGHTS LAW §§50-51)

166. Repeat and reallege paragraphs 130-165 of this reply as if set forth in full.

167. Deny the allegations contained in Paragraph 167 of the answer and counterclaims.

168. Deny the allegations contained in Paragraph 168 of the answer and counterclaims.

169. Deny the allegations contained in Paragraph 169 of the answer and counterclaims.

## FOURTH CAUSE OF ACTION
## (NEW YORK GENERAL BUSINESS LAW §349)

170. Repeat and reallege paragraphs 130-169 of this reply as if set forth in full.

171. Deny the allegations contained in Paragraph 171 of the answer and counterclaims.

172. Deny the allegations contained in Paragraph 172 of the answer and counterclaims.

173. Deny the allegations contained in Paragraph 173 of the answer and counterclaims.

174. Deny the allegations contained in Paragraph 174 of the answer and counterclaims.

175. Deny the allegations contained in Paragraph 175 of the answer and counterclaims.

## FIFTH CAUSE OF ACTION
## (COMMON LAW UNFAIR COMPETITION)

176. Repeat and reallege paragraphs 130-175 of this reply as if set forth in full.

177. Deny the allegations contained in Paragraph 177 of the answer and counterclaims.

178. Deny the allegations contained in Paragraph 178 of the answer and counterclaims.

179. Deny the allegations contained in Paragraph 179 of the answer and counterclaims.

180. Deny the allegations contained in Paragraph 180 of the answer and counterclaims.

181. Deny the allegations contained in Paragraph 181 of the answer and counterclaims.

## PRAYER FOR RELIEF

182. Deny the allegations contained in the *ad damnum* section, except admit that counterclaim-plaintiffs purport to demand the relief described in that section, and deny that they are entitled to any such relief.

## AFFIRMATIVE DEFENSES

By alleging the defenses set forth below, counterclaim-defendants do not admit that they have the burden of proof and/or burden of persuasion with respect to any of these defenses.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State A Claim)

183. The counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Laches, Waiver, Estoppel, and Related Defenses)

184. The counterclaims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, license, agreement, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

(Barred by Contract)

185. The counterclaims are barred, in whole or in part, as a matter of contract by reason of Mr. Abboud's execution of the Purchase and Sale Agreement.

### FOURTH AFFIRMATIVE DEFENSE

(Preemption)

186. To the extent the counterclaims seek relief under state law based on the allegation that Mr. Abboud has the right under state law to use the words, terms, name, symbol, device, designation, or right of publicity "JOSEPH ABBOUD," "By JOSEPH ABBOUD," "DESIGNED BY JOSEPH ABBOUD," "A COMPOSITION BY JOSEPH ABBOUD," or any word, term, name, symbol, device, designation or right of publicity confusingly similar thereto, in connection

with the marketing, advertising or sale of menswear or other products for which JA Apparel owns federally registered trademarks for the words, trademark or designation "JOSEPH ABBOUD," or any word, term, name, symbol, device or designation similar thereto or derived therefrom, the counterclaims are barred because they are in conflict with the federal Lanham Act and, accordingly, are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2.

### FIFTH AFFIRMATIVE DEFENSE

(Contributory and Comparative Negligence)

187.  Counterclaim-plaintiffs are at fault in and about the matters referred to in their counterclaims and such comparative fault on their part proximately caused and contributed to the damages complained of, if any exist at all. JA Apparel and Staff further allege that any fault not attributable to counterclaim-plaintiffs was a result of fault on the part of persons or entities other than JA Apparel and Staff. Such fault bars or proportionately reduces any recovery counter-claim-plaintiffs may obtain against JA Apparel and Staff.

### SIXTH AFFIRMATIVE DEFENSE

(*In Pari Delicto*)

188.  Counterclaim-plaintiffs' claims are barred by the doctrine of *in pari delicto.*

### SEVENTH AFFIRMATIVE DEFENSE

(Fair Use)

189.  The counterclaims are barred, in whole or in part, by the doctrine of fair use.

### EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

190.    The counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

191.    The counterclaims are barred, in whole or in part, because counterclaim-plaintiffs have failed to mitigate any damages caused to them by any purported claims which may be found against JA Apparel and Staff.

### TENTH AFFIRMATIVE DEFENSE

(Reservation of Rights to Assert Additional Defenses)

192.    JA Apparel and Staff have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings.  JA Apparel and Staff reserve the right to amend this reply and/or affirmative defenses accordingly and/or to

delete affirmative defenses that are determined not to be applicable during the course of subsequent discovery.

Dated: October 22, 2007
      New York, New York

KAYE SCHOLER LLP

By: _____
    Thomas A. Smart
    Phillip A. Geraci
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Plaintiff and Counterclaim-Defendant JA Apparel Corp. and Counterclaim-Defendant Martin Staff*