Thomas A. Smart
Phillip A. Geraci
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000

*Attorneys for Plaintiff and Counterclaim Defendants
JA Apparel Corp. and Martin Staff*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/1/2007
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
JA APPAREL CORP.,                :
                                 :
            Plaintiff,           :  Civil Action No. 07-cv-7787
                                 :  (DAB) (THK)
       v.                        :
                                 :
JOSEPH ABBOUD, HOUNDSTOOTH       :
CORP., and HERRINGBONE CREATIVE  :
SERVICES, INC.,                  :
                                 :
            Defendants.          :
------------------------------- x
JOSEPH ABBOUD, HOUNDSTOOTH       :
CORP., and HERRINGBONE CREATIVE  :
SERVICES, INC.,                  :
                                 :
            Counterclaim Plaintiffs, :
                                 :
       v.                        :
                                 :
JA APPAREL CORP. and MARTIN STAFF, :
                                 :
            Counterclaim Defendants. :
------------------------------- x

**STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER**

DAB 10/31/07

IT IS HEREBY STIPULATED AND AGREED, by and between the parties,

through their respective counsel and by any non-party that, by itself or through its counsel,

agrees to the terms of this Protective Order, that the production and disclosure of confidential information in this action be governed by the following terms and conditions:

1. Definitions

(a) The term "Confidential Information" means any information, whether oral or in documentary or other tangible form, so designated by any producing person that reasonably and in good faith believes is of the type, were it produced in response to a discovery request, that is protectable under Rule 26(c)(7), FED. R. CIV. P. "Confidential Information" collectively refers to information designated "Confidential" pursuant to Paragraph 4 herein.

(b) The term "Confidential Attorney's Eyes Only Information" means any information, whether oral or in documentary or other tangible form, so designated by any producing person that reasonably and in good faith believes is of the type, were it produced in response to a discovery request, that is highly sensitive, proprietary and competitive in nature including, but not limited to, product information, product design materials, sketches, pricing information, and business and strategic plans. "Confidential Attorney's Eyes Only Information" collectively refers to information designated "Confidential Attorneys' Eyes Only" pursuant to Paragraph 5 herein.

(c) The term "disclose" means to show, give, make available or communicate, in any fashion, to any person, any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any party or non-party in this action.

(d) The term "document" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the FED. R. CIV. P. A draft or non-identical copy is a separate document within the meaning of the term.

(e) The term "person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

(f) The term "producing person" means any person, whether a party or non-party, who produces any information, whether oral or in documentary or other tangible form, in response to any discovery method permitted by the Federal Rules of Civil Procedure, or who in this action otherwise discloses or furnishes information, whether oral or in documentary or other tangible form, to a party or non-party, including by disclosure in pleadings, motions or other papers filed with the Court and/or served on a party or non-party.

(g) The term "receiving party" means any person to whom information is disclosed in this action (i) in response to any discovery method permitted by the Federal Rules of Civil Procedure or (ii) in a pleading, motion or other paper filed with the Court and/or served on a party or non-party.

2. This Order applies to all documents and information produced, filed or served in this action regardless of whether such documents or information were produced, filed or served prior to or after the entry of this Order.

3. Any non-party to this action who desires the protection of this Order with respect to any information obtained from it in this action may obtain such protection by having its counsel execute and deliver to each party a copy of this Order, and by executing an Acknowledgment of the Protective Order attached hereto as Exhibit A, thereby agreeing to be

bound by its provisions. The non-party or the party requesting information from the non-party seeking the protection of this Order shall file the executed copy with the Court.

4. Any information supplied in documentary or other tangible form may be designated by the producing person as confidential information by placing or affixing on each page of such document, or on the face of such thing, the legend "Confidential" as appropriate. Moreover, the parties and non-parties may designate documents that are produced by non-parties and that contain Confidential Information as "Confidential" as appropriate.

5. Any information supplied in documentary or other tangible form may be designated by the producing person as Confidential Attorneys' Eyes Only Information by placing or affixing on each page of such document, or on the face of such thing, the legend "Confidential Attorneys' Eyes Only" as appropriate. Moreover, the parties and non-parties may designate documents that are produced by non-parties and that contain Confidential Attorneys' Eyes Only Information as "Confidential Attorneys' Eyes Only" as appropriate.

6. Any information designated as Confidential Information shall be maintained in confidence by the receiving party, and shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure not in accordance with this Order. Information designated as "Confidential" may be disclosed only to the following qualified persons (i) outside counsel engaged to represent one of the parties to this action, including necessary legal assistants and stenographic and clerical employees actually assisting such counsel; (ii) three employees of any corporate party to this action with responsibility for assisting in the prosecution and/or defense of this litigation; (iii) outside experts and consultants of the parties who are assisting counsel identified in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or

their employer or organization; and (iv) the Court and Court personnel, including stenographic reporters; and (v) members of the jury.. All persons entitled to review Confidential Information shall first read this Order and (i) agree to be bound by the terms thereof, (ii) agree to maintain said information in confidence, and (iii) agree not to disclose Confidential Information to anyone other than a qualified person as set forth herein above. Nothing in this paragraph shall prevent disclosure of Confidential Information to stenographic, clerical employees and assistants described in Paragraph 1(f) of this Order provided that such persons are informed that such information is subject to court order, must be held in confidence, and cannot be disclosed to anyone, and that such persons agree to abide by these terms.

7. Any information designated as Confidential Attorneys' Eyes Only Information shall be maintained in confidence by the receiving party, and shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure not in accordance with this Order. Information designated as "Confidential Attorneys' Eyes Only" may be disclosed only to the following qualified persons: (i) outside counsel engaged to represent one of the parties to this action, including necessary legal assistants and stenographic and clerical employees actually assisting such counsel; (ii) outside experts and consultants of the parties who are assisting counsel identified in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization; and (iii) the Court and Court personnel, including stenographic reporters; and (iv) members of the jury. All persons entitled to review Confidential Attorneys' Eyes Only Information shall first read this Order and (i) agree to be bound by the terms thereof, (ii) agree to maintain said information in confidence, and (iii) agree not to disclose Confidential Attorney's Eyes Only Information to anyone other than a qualified person as set forth herein

above. Nothing in this paragraph shall prevent disclosure of Confidential Attorney's Eyes Only Information to stenographic, clerical employees and assistants described in Paragraph 1(f) of this Order provided that such persons are informed that such information is subject to court order, must be held in confidence, and cannot be disclosed to anyone, and that such persons agree to abide by these terms.

8.  In the event any producing party discovers, after it has produced information, that it has inadvertently produced information that has not been correctly designated as "Confidential" or "Confidential Attorneys' Eyes Only," the producing party may, within ten (10) business days of the discovery of such inadvertent production, correct that error by a subsequent designation made in writing specifically identifying the designated information. Upon receipt of such notice, the parties shall treat such information in accord with this Protective Order. When an attorney receives notice that information was mistakenly produced without the proper designation, the attorney will immediately notify any person who received the information, but who was not entitled to receive it, and inform that person that they must immediately return the information and any copies thereof to the attorney. The attorney will also instruct the person that they must not disclose any of the newly designated "Confidential" or "Confidential Attorneys' Eyes Only information.

9.  Any party that inadvertently produces a document that is privileged because the document is an attorney-client communication or is privileged under the work-product doctrine may, within ten (10) business days of the discovery of production of the privileged document, request in writing that the attorney for the party receiving the document immediately return the document and any copies, or certify that all copies have been destroyed. In addition, the privileged document, unless it is later deemed not to contain privileged

information or is produced in redacted form, may not be introduced into evidence, either directly or by reference to the document or its contents.

10. All information or documents disclosed in this litigation, whether or not containing Confidential Information or Confidential Attorneys' Eyes Only Information, shall be used solely for purposes of preparation for trial, pretrial proceedings and trial of this action and not for any business, commercial, competitive, personal or other purpose.

11. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Information or Confidential Attorneys' Eyes Only Information, the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, provided that the only persons in attendance at the deposition are persons who are qualified to receive the Confidential Information or Confidential Attorneys' Eyes Only Information. Counsel for the person claiming confidentiality may designate portions of the deposition as Confidential Information or Confidential Attorneys' Eyes Only Information, either at the deposition by making a statement for inclusion in the deposition transcript, or within ten (10) business days after receipt of the deposition transcript by notifying opposing counsel in writing. All transcripts of depositions shall be treated as Confidential Attorneys' Eyes Only until ten (10) business days after receipt thereof by counsel for the parties and counsel for the witness.

12. A person not otherwise permitted under this Order to have access to Confidential Information or Confidential Attorneys' Eyes Only Information may be interviewed, may be examined as a witness at a deposition, may be shown, and may testify concerning any Confidential Information or Confidential Attorneys' Eyes Only Information as follows:

(a) A present employee of a producing person may be examined, may be shown, and may testify concerning any Confidential Information or Confidential Attorneys' Eyes Only Information of that producing person.

(b) A former employee or consultant of a producing person may be interviewed, may be examined, may be shown, and may testify concerning any Confidential Information or Confidential Attorneys' Eyes Only Information of that producing person if such information (i) relates to the period of the former employee's or consultant's employment or retention with the producing person, and (ii) pertains to the subject matter of his or her employment or consultation or to the subject matter of his communications with that person.

(c) A non-party individual who has had any contact or relationship with a party may be interviewed, may be examined, may be shown, and may testify concerning:

(1) any document containing Confidential Information or Confidential Attorneys' Eyes Only Information that appears on its face to have been previously communicated to or from the non-party individual; and

(2) any Confidential Information or Confidential Attorneys' Eyes Only Information of a party that specific documentary or testimonial evidence by that witness or others indicates was communicated between the non-party individual and the party.

13. This Order is entered solely for the purpose of facilitating the exchange of information between the parties to this action and the presentation of documents and evidence to the Court without involving the Court unnecessarily in this process. Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (i) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Order; (ii) altering the confidentiality or

nonconfidentiality of any such information; or (iii) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

14. Nothing herein shall be taken as indicating that any document or information designated as Confidential Information or Confidential Attorneys' Eyes Only Information is entitled to confidential treatment. Nothing herein shall prevent disclosure beyond the terms of this Order prior to trial if the person claiming confidentiality consents in writing to such disclosure. If the receiving party desires to disclose Confidential Information or Confidential Attorneys' Eyes Only Information to non-qualified persons, or if it disagrees with the designation by the producing person of any information as Confidential Information or Confidential Attorneys' Eyes Only Information, then the receiving party and the producing person shall first try to resolve such dispute. If the dispute cannot be resolved, the party seeking such disclosure, upon no fewer than five (5) business days' written notice to the producing party may, by specifying the basis on which it claims that such designation is improper or that such disclosure is appropriate, seek a ruling from the Court that the information is not properly designated or that such disclosure is appropriate. The producing party shall have the burden to show that such designation is proper. Pending a determination by the Court, such information shall be treated under this Order as Confidential Information or Confidential Attorneys' Eyes Only Information as designated by the producing person.

15. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

(a) was, is or becomes public knowledge, not in violation of this Protective Order;

(b) is independently acquired by the non-designating party from a third party having the right of disclosure of such information or material; or

(c) was lawfully possessed by the non-designating party prior to entry by the Court of this Protective Order.

16. No party shall be obligated to challenge the propriety of a confidential designation or a confidential attorneys' eyes only designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. This Order shall be without prejudice to the right of any party or other subscriber to this Order (i) to bring before the Court at any time the question of whether any particular document or information is Confidential Information or Confidential Attorney's Eyes Only Information or whether its use should be restricted or (ii) to present a motion to the Court under Rule 26(c), FED. R. CIV. P., for a separate protective order as to any such particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

17. In the event that a party to this stipulation receives a discovery request, subpoena, order or other form of compulsory process requiring that party (the "subpoenaed party") to produce documents that have been designated as "Confidential" or "Confidential Attorney's Eyes Only" by the other party (the "designating party"), the subpoenaed party shall promptly notify the designating party of the demand. If the designating party elects to resist production of the documents, it shall promptly so notify the subpoenaed party and the latter shall cooperate in affording the designating party the opportunity to oppose or limit production of the documents, provided however that the designating party shall bear all expenses, including attorneys' fees, incurred by the subpoenaed party in connection therewith.

18. The parties and any non-party that sign this Order and produce information subject to this Order shall attempt to agree upon procedures to protect at any hearing

or trial the confidentiality of Confidential Information or Confidential Attorney's Eyes Only Information, shall, prior to such hearing or trial, submit such proposed procedures to the Court for its approval or modification, and shall submit any disputes relating thereto to the Court for its resolution. In any application to a court in connection with this proceeding, the parties shall take all reasonable steps necessary to preserve the confidentiality of Confidential Information or Confidential Attorney's Eyes Only Information, including filing documents under seal and obtaining appropriate protective orders.

19. Upon final termination of this action, including all appeals, all parties and experts shall (i) at the option of the producing party, return to the producing party or destroy all originals of material produced and designated as Confidential Information or Confidential Attorney's Eyes Only Information and all identical copies, whether in whole or in part, of such documents, and (ii) destroy all copies thereof, except that, with respect to word processing and database tapes and disks, they shall destroy such tapes or disks to the extent practicable. Outside counsel for each party shall be entitled to retain copies of any documents that contain or refer to information designated as Confidential Information or Confidential Attorney's Eyes Only Information that have been filed with the Court, admitted into evidence, or constitute a portion of or an exhibit to any deposition, provided that all such documents shall remain subject to this Order. Counsel of record for the parties shall certify in writing to each producing person that the foregoing has been complied with.

20. Nothing contained herein shall limit in any way the use of Confidential Information or Confidential Attorney's Eyes Only Information by the producing party or its attorneys and their employees or prevent them from revealing such Confidential Information or Confidential Attorney's Eyes Only Information to whomever they choose.

21. This Order shall survive and remain in full force and effect after termination of this litigation.

The parties, by their undersigned counsel, hereby consent to the entry of the foregoing Order.

Dated: October 29, 2007
       New York, New York

KAYE SCHOLER LLP

*(signatures)*

Thomas A. Smart
Phillip A. Geraci

425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Plaintiff and Counterclaim Defendants JA Apparel Corp. and Martin Staff*

ARNOLD & PORTER LLP

*(signature)*

Louis S. Ederer
John Maltbie

399 Park Avenue
New York, New York 10022-4690
(212)

*Attorneys for Defendants-Counterclaim Plaintiffs*

SO ORDERED:

*(signature)* Deborah A. Batts
United States District Judge

Dated: **October 31**, 2007
       New York, New York

## EXHIBIT A TO PROTECTIVE ORDER

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

_____,
(name of person)

_____,
(address and phone number)

acknowledges that I have read the Protective Order entered in the matter of *JA Apparel Corp. v. Abboud, et al.*, Civil Action No. 07-cv-7787(DAB) (THK) (S.D.N.Y.) and hereby agree to be bound by its terms. The Undersigned hereby acknowledges that the United States District Court for the Southern District of New York has subject matter jurisdiction over any matters concerning the Protective Order including but not limited to matters concerning disputes, enforcement and violations of the Protective Order. The Undersigned submits to the personal jurisdiction of the United States District Court for the Southern District of New York with respect to any and all matters concerning the Protective Order.

Dated: _____.

_____
(name)

_____
(signature)