

Thomas A. Smart
212 836-8761
Fax 212 836-6480; 7154
tsmart@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com



October 30, 2007

**BY HAND**

The Honorable Theodore H. Katz
United States Magistrate Judge
United States District Court for the
   Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1581

      Re:    ***JA Apparel Corp. v. Joseph Abboud***
               07 CIV 7787 (DAB) (THK)

Dear Judge Katz:

      We represent JA Apparel Corp. ("JA Apparel"), plaintiff in the above-referenced action. Last Friday, pursuant to S.D.N.Y. Civil Rule 37.2 and the Order, entered by Judge Batts on October 16, 2007, which refers all discovery disputes to Your Honor, we sent a letter to Your Honor requesting a conference with respect to defendants' designation as "attorneys' eyes only" of draft advertisements for Mr. Abboud's products.

      We write now to bring to Your Honor's attention new evidence that we became aware of after we sent our letter to Your Honor and that, inexplicably, was not mentioned in yesterday's letter of defendants' counsel responding to our initial letter. In particular, in yesterday's issue of *DNR*, the leading publication covering the men's fashion industry, defendants published an ad virtually identical to the ads that were the subject of my letter last Friday. As Your Honor can see by comparing the published ad (Ex. 1 centerfold) with the enclosed color copy of a draft ad that was included in black and white in Exhibit A to my letter last Friday (Ex. 2 hereto), the only material difference between the draft ad and the published ad is that the published ad does not contain the phrase "a new composition by designer Joseph Abboud."[1] That phrase,

---

[1]    For the Court's convenience, we have attached as Exhibit 2 an ad bearing Bates number D02751 which is a color copy of the draft black and white ad which bears Bates number
                                                                                             (continued...)

however, was publicly disclosed by Mr. Abboud in the August 6, 2007 issue of *The Wall Street Journal* and, indeed, is one of defendants' planned uses that JA Apparel alleges breaches the Purchase and Sale Agreement. (*See* Complaint ¶¶ 50, 52 & Ex. H thereto). As Your Honor can also see, many of the ads marked "attorneys' eyes only" are highly similar to the now published ad in form and content.[2]

Having now disclosed everything in the draft ad except the – already public – very tag line that is at issue in this case, there is simply no basis on which defendants can assert that the draft ads can continue to be designated as "attorneys' eyes only." Accordingly, plaintiff JA Apparel reiterates its request that the Court schedule a conference as soon as its schedule permits and order that the "attorneys' eyes only" designation be lifted forthwith from all the advertisements.

Respectfully,

Thomas A. Smart

cc: Louis S. Ederer, Esq.
Phillip A. Geraci, Esq.

> In light of the ad published in DNR, the Court views Defendants' purported need for "Attorneys' Eyes Only" protection to be disingenuous. Produce the ads subject to routine Confidentiality designation.
>
> SO ORDERED
> 11/6/07
> THEODORE H. KATZ
> UNITED STATES MAGISTRATE JUDGE

---

[1] (...continued)
D02614. We received this color copy from defendants yesterday.

[2] A draft of the ad published yesterday in *DNR* was produced by defendants late Friday, after we sent our letter to Your Honor. Yesterday, we received a letter from defendant's counsel removing the confidentiality designation for the ad that was published in DNR, but not for any of the other draft ads. (The October 29, 2007 letter is attached hereto as Ex. 3 and the draft ad bearing Bates number D02750 referred to in the October 29th letter is attached hereto as Ex. 4).

31559326.WPD