KAYE SCHOLER LLP




Phillip A. Geraci
212 836-8659
Fax 212 836-6459
pageraci@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

December 17, 2007




**BY HAND**

The Honorable Theodore H. Katz
United States Magistrate Judge
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1581

Re: ***JA Apparel Corp. v. Joseph Abboud***
07 CIV 7787 (DAB) (THK)

Dear Judge Katz:

We represent plaintiff JA Apparel. My partner Tom Smart's secretary sent to me a copy of a letter to Your Honor from defendants' counsel that was apparently hand delivered to Mr. Smart's office late Friday afternoon. Mr. Smart is out of town on an oral argument before the Massachusetts Appeals Court.

We note that Mr. Ederer has failed to comply with the provisions of Rule 2 of Your Honor's Individual Practices, not to mention the requirements of Rule 37, that counsel meet and confer before bringing a discovery dispute to the Court for resolution. One of the two categories of privileged documents that defendants seek (the so-called "opinion letters") was the subject of a letter Mr. Smart wrote to Mr. Ederer on December 5. But when Mr. Ederer responded to that letter with his own letter of December 13, he did not say a word about the subject. As for the other document (a board of directors presentation of outside counsel's legal opinion), the last we heard of defendants' interest in obtaining that clearly attorney-client-privileged document was during the deposition of JA Apparel's CEO, Mary Staff, on November 8. In the ensuing five weeks, defendants have never communicated with us with respect to that board presentation or sought to persuade us that plaintiff's claim of privilege should be reconsidered. We do not understand why defendants' counsel have failed to engage in good-faith discussions with us, considering that they took the time to write the equivalent of a nearly 20-page brief in support of their application, but their disregard of the requirement of the rules is plain. In light of defendants' substantial submission it appears that

defendants are not going to change their position and thus the matter cannot be resolved consensually.

If the Court agrees that there is no longer any point in pursuing good-faith discussions and would like plaintiff to respond substantively to Mr. Ederer's letter, we respectfully request that the Court allow us to do so by the close of business on Friday, December 21. As Your Honor may know, the parties are scheduled to appear before Magistrate Judge Maas for a settlement conference this Wednesday, December 19 and the parties have also agreed to exchange deposition designations for trial on December 21. In light of Mr. Smart's absence and our need to devote substantial time to preparing with our clients for the settlement conference and preparing the designations, we would not be in a position to respond to Mr. Ederer's lengthy exposition on the privilege -- *which cites 30 cases* -- any sooner than December 21.

Respectfully,

Phillip A. Geraci

PAG/pma

cc: Louis S. Ederer, Esq. (By hand)
Thomas A. Smart, Esq.

The response shall be submitted on December 21, 2007. The issues are discrete and there is no need to compete with defendant on length.

SO ORDERED

12/18/07

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE