



**ARNOLD & PORTER LLP**

Louis S. Ederer
Louis.Ederer@aporter.com

212.715.1102
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

January 16, 2008

**BY HAND**
Hon. Theodore H. Katz
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1581

    Re:    JA Apparel Corp., v. Joseph Abboud et al. 07 Civ. 7787 (THK)

Dear Judge Katz:

    We represent Defendants ("Abboud") in the above entitled action and write to request clarification, and, if appropriate, reconsideration of the Court's January 10, 2008 Order (the "Order") regarding Plaintiff ("JA Apparel")'s assertion of privilege with respect to certain documents.

    First, we request clarification concerning the document referred to in our December 14, 2007 letter application as the "Presentation". As indicated in our application, we maintained that the entire Presentation, not just the portion thereof consisting of the so-called "Cowan Memo," was not privileged and should therefore be produced. In the Order, Your Honor ruled that, based on the record before you, the Cowan Memo was privileged. To be clear, we are not seeking clarification or reconsideration of that part of Your Honor's ruling. However, it does not appear that the Order addresses the issue of whether or not the remaining pages of the Presentation, that is, those pages which do not comprise or consist of the Cowan Memo, are also privileged. It is as to those pages of the Presentation that we seek clarification.

    We do apologize for not being as clear as we could have been, in our December 14, 2007 letter application, with respect to the different types of pages that made up the Presentation. That was due, in part, to the fact that we were required to destroy the entire Presentation before drafting our letter application, and, accordingly, our application was based on our best recollection of the Presentation. As best as we could recall, the Presentation was made up of two types of pages, the first several pages of the Presentation consisted of an outline of various business strategies, including public relations strategies, which JA Apparel was proposing to adopt in connection with the departure of Mr. Abboud from the company, including a proposed press release to be issued in connection therewith. Those pages of the Presentation were then followed by the Cowan Memo, which made up the rest of the Presentation.

    In this letter, we seek clarification and reconsideration with respect to the first portion of the Presentation, that is, those pages which do not consist of or comprise the Cowan Memo. As best as we can recall, these pages contained various business strategies JA Apparel was proposing to adopt in connection with Mr. Abboud's departure. They were not prepared by a lawyer, and did not contain advice of any kind, much less legal advice. To be clear on this point,

## ARNOLD & PORTER LLP

Hon. Theodore H. Katz
January 16, 2008
Page 2

it is our position that no claim of privilege should be upheld with respect to this portion of the Presentation, as no privilege ever attached to it in the first place. As stated in our December 14, 2007 letter, the attorney-client privilege does not extend to documents, not prepared by lawyers, which consist of business strategies. *In re Grand Jury Subpoena Duces Tucem Dated Sept. 15, 1983*, 731 F.2d 1032, 1037 (2d Cir. 1984); *Urban Box Office Network, Inc. v. Interfase Manager L.P.*, 01 Civ. 8854 (LTS) (THK) 2006 WL 1004472 (S.D.N.Y. April 17, 2006).

Once again, to the extent our position with respect to this portion of the Presentation was not made clear in our December 14, 2007 letter application, please note that I did indicate to the Court, during the January 4, 2008 oral argument, that defendants were seeking production of those pages of the Presentation, even if the Cowan Memo was found to be privileged. As I further indicated at that time, that portion of the Presentation bears directly on many of the issues raised by JA Apparel on its main claims, and by Defendants on their counterclaims, and should be produced notwithstanding the Court's ruling on the Cowan Memo.

Second, we request a clarification of the portion of the Order concerning the Opinion Letters, the subject of Point B of our December 14, 2007 letter application. The Court indicated in the Order that since Kaye Scholer, JA Apparel's counsel, represented that it had conducted a thorough review of JA Apparel's documents and did not locate the Opinion Letters, the Court was not in a position to determine whether the Opinion Letters were privileged. However, conspicuously absent from Kaye Scholer's December 18, 2007 letter submission is any representation that Kaye Scholer also searched its own files for the Opinion Letters, or those of its then-client, J.W. Childs ("Childs"), JA Apparel's owner, in order to ascertain whether the Opinion Letters exist.

JA Apparel's President Marty Staff testified at his deposition that the Opinion Letters were prepared by Kaye Scholer in 2004 at the request of Childs, at a time when Childs was considering the acquisition of JA Apparel. On or about November 8, 2007, Abboud served a subpoena *duces tecum* on Childs calling for the production of, *inter alia*, all documents and communications concerning any due diligence done by or on behalf of Childs relating to its acquisition of JA Apparel (Request No. 5). In its November 16, 2007 objections and responses to Abboud's document requests, Childs, through its counsel, Kaye Scholer, indicated that it would "produce any non-privileged documents concerning due diligence performed in conjunction with the acquisition of JA Apparel concerning the ABBOUD Marks, the Purchase and Sale Agreement and the Side Letter Agreement." The Opinion Letters, however, were not produced by Childs and, in fact, there has been no indication that the letters were ever searched for in Childs' files. In addition, Childs failed to provide a privilege log in connection with its production.

# ARNOLD & PORTER LLP

Hon. Theodore H. Katz
January 16, 2008
Page 3

   Further, as the Court acknowledged in the Order (Order at p. 10, fn. 3), <u>it was the Kaye Scholer firm that wrote the Opinion Letters</u>. Although Kaye Scholer has informed the Court that it conducted a thorough search of JA Apparel's files for these documents, never has it said that it conducted a thorough search of <u>its own files</u>. It is well established that, for discovery purposes, an attorney is the agent or representative of its client, over which the client has custody and control. *Malletier v. Dooney & Bourke, Inc.,* No. 04 Civ. 5316 (RMB) (MHD) 2006 WL 3476735, *4 (S.D.N.Y. Nov 30, 2006). Here, both JA Apparel and Childs have custody and control over their files maintained by their attorneys, Kaye Scholer. Accordingly, the rules of discovery require that Kaye Scholer conduct a search of its own files for the subject documents, in addition to the files of its clients. We ask the Court to direct Kaye Scholer to conduct such a search forthwith, and, if the Opinion Letters are located, they should be produced, for all the reasons set forth in our December 14, 2007 letter.

              Respectfully Submitted,

              ARNOLD & PORTER LLP

              By: _____
                 Louis S. Ederer

cc:  Thomas Smart, Esq. (by hand)

*[Handwritten note:]* The Court only ruled that the Cohen Memo was privileged, as that was the only question presented. The Court assumes that the remainder of the Presentation has not been withheld, and if it has been it should be produced to Defendants. The Court accepts Plaintiff's representations regarding the search for the Opinion Letters and requires no further action. So ordered.

1/25/08 Theodore H. Katz
USMJ