# Exhibit D

| | |
|---|---|
| 1 | |
| 2 | UNITED STATES DISTRICT COURT |
| 3 | SOUTHERN DISTRICT OF NEW YORK |
| 4 | ------------------------------------------------- x |
| 5 | JA APPAREL, INC., et al, |
| 6 | Plaintiffs,   Index No. 07CIV07787(DAB) |
| 7 | -against- |
| 8 | JOSEPH ABBOUD, et al, |
| 9 | Defendants. |
| 10 | ------------------------------------------------- x |
| 11 | |
| 12 | |
| 13 | |
| 14 | VIDEOTAPED DEPOSITION of |
| 15 | THEODORE E. DINSMOOR, taken by the Plaintiff, held |
| 16 | at the offices of Kaye Scholer, LLP, 425 Park |
| 17 | Avenue, New York, New York, on January 29th, 2008, |
| 18 | at 10:03 a.m., before a Notary Public of the State |
| 19 | of New York. |
| 20 | |
| 21 | |
| 22 | ********************************************* |
| 23 | BARRISTER REPORTING SERVICE, INC. 120 Broadway |
| 24 | New York, N.Y. 10271 212-732-8066 |
| 25 | |

1      T. Dinsmoor

2   Q   Yes, sir, that's what I meant.

3   A   Yes.

4   Q   In the year 2000, in connection with

5   the purchase and sale agreement that is at

6   issue in this lawsuit, you were involved in

7   representing Mr. Abboud and his companies in

8   connection with that transaction; is that

9   correct?

10  A   That is correct.

11  Q   Were there other lawyers on your side

12  of the table that represented Mr. Abboud and

13  his companies in connection with that

14  transaction?

15  A   Yes.

16  Q   Can you identify those, please?

17  A   One lawyer was Charlie Johnson; he was

18  the Johnson in Finnegan Hickey Dinsmoor &

19  Johnson.  Mr. Johnson specialized in the area

20  of corporate transactions.  Also another

21  lawyer by the name of Joseph Hutchinson;

22  Mr. Hutchinson specialized in the area of

23  intellectual property.

24  Q   Anyone else?

25  A   It's possible I may have talked to

| | |
|---|---|
| 1 | T. Dinsmoor |
| 2 | somebody else in the office, but those were |
| 3 | the two lawyers that I worked with in |
| 4 | connection with the preparation and drafting |
| 5 | of the purchase and sale agreement that you |
| 6 | referred to. |
| 7 | Q    If I broaden the question to include |
| 8 | the side letter agreement -- |
| 9 | A    I'm sorry, it would include that, too. |
| 10 | Q    And so at the time -- at the time of |
| 11 | the purchase and sale agreement at issue in |
| 12 | this lawsuit you were a shareholder in |
| 13 | Finnegan Hickey & Dinsmoor; is that correct? |
| 14 | A    Yes. |
| 15 | Q    And so Mr. Charles Johnson and |
| 16 | Mr. Joseph Hutchinson were shareholders in |
| 17 | that firm? |
| 18 | A    They were both shareholders in the |
| 19 | firm, yes. |
| 20 | Q    And where are they today? |
| 21 | A    Mr. Johnson, I believe, works for |
| 22 | another law firm in Boston. |
| 23 | Q    Is he still practicing law? |
| 24 | A    I believe he's still practicing law. |
| 25 | Mr. Hutchinson works for a private |

| | |
|---|---|
| 1 | T. Dinsmoor |
| 2 | corporation in the Boston area. |
| 3 | Q    And what corporation is that? |
| 4 | A    I don't recall. |
| 5 | Q    And Mr. Johnson, do you know the name |
| 6 | of his firm? |
| 7 | A    I have forgotten the name of his firm. |
| 8 | I knew it at one time.  I'm trying to recall |
| 9 | it. |
| 10 | Q    If it pops into your head at any time |
| 11 | during the deposition, feel free to let me |
| 12 | know. |
| 13 | A    All right. |
| 14 | Q    In connection with the purchase and |
| 15 | sale agreement and the side letter agreement |
| 16 | for the year 2000, who was on the other side |
| 17 | of that transaction? |
| 18 |         MR. EDERER:  Objection to form. |
| 19 |         MR. SMART:  Let me withdraw the |
| 20 |    question. |
| 21 | Q    What lawyers represented the |
| 22 | purchasers in that transaction? |
| 23 | A    Jeff LaGueux of Patterson Belknap was |
| 24 | the point person.  My recollection is that he |
| 25 | was assisted by one or more other lawyers at |