# Exhibit G

Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Defendants and
Counterclaim Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

JA APPAREL CORP.,

        Plaintiff,

   v.

JOSEPH ABBOUD, HOUNDSTOOTH CORP.,
and HERRINGBONE CREATIVE
SERVICES, INC.,

        Defendants.

------------------------------------------------------------- x
------------------------------------------------------------- x

JOSEPH ABBOUD, HOUNDSTOOTH CORP.,
and HERRINGBONE CREATIVE
SERVICES, INC.,

        Counterclaim Plaintiffs,

   v.

JA APPAREL CORP. and MARTIN STAFF,

        Counterclaim Defendants.

------------------------------------------------------------- x

Civil Action No. 07 CV 07787 (DAB)

**DEFENDANTS AND
COUNTERCLAIM PLAINTIFFS'
RESPONSES AND OBJECTIONS
TO PLAINTIFF AND
COUNTERCLAIM DEFENDANT
JA APPAREL'S FIRST SET OF
INTERROGATORIES**

Defendants and Counterclaim Plaintiffs Joseph Abboud, Houndstooth Corp. and Herringbone Creative Services, Inc. (collectively "Abboud"), provide the following responses and objections to Plaintiff and Counterclaim Defendant JA Apparel Corp.'s ("JA Apparel") First Set of Interrogatories (the "Interrogatories"):

## GENERAL OBJECTIONS

Abboud makes the following general objections to each of the Interrogatories:

1. Abboud objects to the Interrogatories to the extent they seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

2. Abboud objects to the Interrogatories to the extent they are vague, overbroad and unduly burdensome, and/or seek to impose obligations that exceed those set out in the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York, including, but not limited to, Local Civil Rule 33.3.

3. Abboud objects to the Interrogatories to the extent that the Interrogatories exceed twenty-five (25) in number, including subparts, in violation of the Federal Rules of Civil Procedure.

4. Abboud objects to the Interrogatories to the extent they seek information that is privileged or exempt from discovery under the attorney-client privilege, work product doctrine, or other privilege or exemption under applicable law. Abboud does not waive, and intends to preserve, any applicable privilege or protection. In the event that any privileged or protected information is disclosed, such disclosure is deemed inadvertent and will not constitute a waiver of any privilege or protection.

5. Abboud objects to the Interrogatories to the extent they call for a response that consists of or comprises a legal conclusion.

6. Abboud objects to the Interrogatories to the extent they do not specify a relevant time period.

7. Abboud objects to the Interrogatories to the extent they are unintelligible and/or incapable of being responded to in their current form.

8. Abboud's responses to the Interrogatories are made to the best of its present knowledge, information and belief. Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Abboud's recollection, are subject to the refreshing of such recollection, and such additional knowledge of facts as may result from Abboud's further discovery or investigation. Abboud reserves the right to make use of, or to introduce at any hearing or trial, information responsive to the Interrogatories that have been discovered subsequent to the date of these responses, including, but not limited to, any such information obtained in discovery herein from JA Apparel or any other party.

9. Abboud objects to the Interrogatories as discovery is ongoing and reserves the right to amend its responses to the Interrogatories once discovery has concluded.

10. Abboud reserves the right to amend its responses to the Interrogatories if and when additional information becomes available.

11. Abboud reserves all objections as to the competency, relevance, materiality, privilege or admissibility of any information identified or provided in response to the Interrogatories in any subsequent proceeding or trial of this or any other action.

12. Abboud reserves the right to object on any ground at any time to such other or supplemental requests as JA Apparel may at any time propound involving or relating to the subject matter of these Interrogatories.

13. These General Objections are deemed incorporated into each response to each of the Interrogatories. Abboud reserves the right to supplement these responses as discovery continues.

## RESPONSES TO JA APPAREL'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

*Identify each person who is knowledgeable as to the conception, creation, selection, adoption, design, approval or use by You of any ABBOUD mark or the term "jaz."*

**RESPONSE:**

Abboud objects to Interrogatory No. 1 on the grounds set forth in the General Objections. Subject to and without waiving said objections, Abboud identifies the following individual:

Joseph Abboud
90 Pine Brook Road
Bedford, New York

**INTERROGATORY NO. 2:**

*Identify each person who is knowledgeable as to each product in connection with which you have used, or intend to use, any ABBOUD mark or the term "jaz."*

**RESPONSE:**

Abboud objects to Interrogatory No. 2 on the grounds set forth in the General Objections and, in particular, on the grounds that the Request seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Abboud identifies the following individual:

Joseph Abboud
90 Pine Brook Road
Bedford, New York

**INTERROGATORY NO. 3:**

*Identify each person who is knowledgeable as to the categories or types of purchasers of each product in connection with which you have used, or intend to use, any ABBOUD mark or the term "jaz."*

**RESPONSE:**

Abboud objects to Interrogatory No. 3 on the grounds set forth in the General Objections and, in particular, on the grounds that the Request seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Abboud identifies the following individual:

Joseph Abboud
90 Pine Brook Road
Bedford, New York

**INTERROGATORY NO. 4:**

*Identify each person who is knowledgeable as to the products, product categories or competitors in which or with which the products you sell or intend to sell in connection with any ABBOUD mark or the term "jaz" will compete.*

**RESPONSE:**

Abboud objects to Interrogatory No. 4 on the grounds set forth in the General Objections and, in particular, on the grounds that the Request seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Abboud identifies the following individual:

Joseph Abboud
90 Pine Brook Road
Bedford, New York

**INTERROGATORY NO. 5:**

*Identify each person who is knowledgeable as to the channels of trade through which the products you intend to sell in connection with any ABBOUD mark or the term "jaz" will be marketed or sold in the United States, including those persons with knowledge as to the stores, chain of stores, and other retail sales channels to which you have sold, offered to sell or intend to sell products in connection with any ABBOUD mark or the term "jaz."*

**RESPONSE:**

Abboud objects to Interrogatory No. 5 on the grounds set forth in the General Objections and on, in particular, the grounds that the Request seeks information that is not

relevant or calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Abboud identifies the following individual:

> Joseph Abboud
> 90 Pine Brook Road
> Bedford, New York

**INTERROGATORY NO. 6:**

*Identify each person who is knowledgeable as to your business, strategic, marketing and advertising plans for any product you have sold, or that you intend to sell, in connection with any ABBOUD mark or the term "jaz."*

**RESPONSE:**

Abboud objects to Interrogatory No. 6 on the grounds set forth in the General Objections and, in particular, on the grounds that the Request seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Abboud identifies the following individual:

> Joseph Abboud
> 90 Pine Brook Road
> Bedford, New York

**INTERROGATORY NO. 7:**

*Identify each person who is knowledgeable as to the advertising, promotion and marketing of any product you have sold, or that you intend to sell, in connection with any ABBOUD mark or the term "jaz."*

**RESPONSE:**

Abboud objects to Interrogatory No. 7 on the grounds set forth in the General Objections. Subject to and without waiving said objections, Abboud identifies the following individual:

> Joseph Abboud
> 90 Pine Brook Road
> Bedford, New York

**INTERROGATORY NO. 8:**

*Identify each person who is knowledgeable as to the sales in dollars and units that you have made, or anticipate, plan, or budget to make, of all products sold, or intended to be sold, in connection with any ABBOUD mark or the term "jaz," including knowledge as to orders, piece goods reservations ("PGRs"), bulk orders, bookings or other preliminary indications of interest you have received for the purchase of any products in connection with which you have used, or intend to use, any ABBOUD mark or the term "jaz."*

RESPONSE:

Abboud objects to Interrogatory No. 8 on the grounds set forth in the General Objections and, in particular, on the grounds that the Request seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Abboud identifies the following individual:

Joseph Abboud
90 Pine Brook Road
Bedford, New York

**INTERROGATORY NO. 9:**

*Identify each person who is knowledgeable as to any market research, consumer survey, public opinion poll, study, report, audit, consumer or focus group, or planning or data collection, concerning any ABBOUD mark or the term "jaz."*

**RESPONSE:**

Abboud objects to Interrogatory No. 9 on the grounds set forth in the General Objections. Subject to and without waiving said objections, Abboud states that he knows of no such person.

**INTERROGATORY NO. 10:**

*Identify each person who is knowledgeable as to any actual, alleged, potential or possible instances of confusion, mistake or deception between JA Apparel, JA Apparel's products or any ABBOUD mark used in connection with JA Apparel or its products, on the one part, and you, any ABBOUD mark or the term "jaz" that you have used or intend to use, or any product in connection with which you have used or intend to use any ABBOUD mark or the term "jaz," on the other part, or as to the purported absence of any such confusion, mistake or deception.*

**RESPONSE:**

Abboud objects to Interrogatory No. 10 on the grounds set forth in the General Objections. Subject to and without waiving said objections, Abboud states that he knows of no such person.

**INTERROGATORY NO. 11:**

*Identify each person who is knowledgeable as to each communication with reporters, editors or public relations consultants concerning your introduction of any product in connection with any ABBOUD mark or the term "jaz," including the statements attributed to Mr. Abboud and his attorneys in the August 13, 2007 issue of DNR that Mr. Abboud is "allowed to use his own name on marketing and advertising materials for Jaz" and defendants' statement to David Lipke of DNR that the name "Joseph Abboud" "is a very big asset" to defendants and their "partners and future partners and accounts."*

7

**RESPONSE:**

Abboud objects to Interrogatory No. 11 on the grounds set forth in the General Objections. Subject to and without waiving said objections, Abboud identifies the following individuals:

Joseph Abboud
90 Pine Brook Road
Bedford, New York

Theodore E. Dinsmoor, Esq.
128 Great Plain Ave.,
Wellesley, Massachusetts

**INTERROGATORY NO. 12:**

*Identify each person who is knowledgeable as to the negotiation of any actual or proposed contract or term sheet between you and any partner, advertising agency, consultant, public relations firm, photographer, model, licensee, manufacturer, supplier, wholesaler, retailer, distributors, business broker, financial supporter, designer, sales representative, agent or employee concerning any ABBOUD mark or the term "jaz," or the New Menswear Business, and all documents relating to such communications.*

**RESPONSE:**

Abboud objects to Interrogatory No. 12 on the grounds set forth in the General Objections. Subject to and without waiving said objections, Abboud identifies the following individuals:

Joseph Abboud
90 Pine Brook Road
Bedford, New York

Theodore E. Dinsmoor, Esq.
128 Great Plain Ave.,
Wellesley, Massachusetts

Robert Kidder
Herringbone Shirt Manufacturing Co., LLC
135 Alden Street
Fall River, Massachusetts

Andrew Schwartz
Herringbone Sportswear Co., LLC
250 Clearbrook Road
Elmsford, New York

Alan Victor
Jack Victor Ltd.,
1250 Rue Saint-Alexandre
Montreal, QC, Canada

Michael Ray
Cardinal Clothes, Inc.,
160 St. Viateur St. East #601
Montreal, QC, Canada

Barbara Blank
J.S. Blank & Co., Inc.,
15 West 36th Street
New York, New York

**INTERROGATORY NO. 13:**

*Identify each actual or prospective partner, advertising agency, consultant, public relations correspondent, photographer, model, licensee, manufacturer, supplier, wholesaler, retailer, distributor, business broker, financial supporter, designer, sales representative, agent, employee, or customer, which whom you have had any communication from July 13, 2005 to July 13, 2007 concerning any aspect of the New Menswear Business, and all documents relating to such communication.*

**RESPONSE:**

Abboud objects to Interrogatory No. 13 on the grounds set forth in the General Objections. Subject to and without waiving said objections, Abboud identifies the following individuals:

Joseph Abboud
90 Pine Brook Road
Bedford, New York

Robert Kidder
Herringbone Shirt Manufacturing Co., LLC
135 Alden Street
Fall River, Massachusetts

Andrew Schwartz
Herringbone Sportswear Co., LLC
250 Clearbrook Road
Elmsford, New York

Alan Victor
Jack Victor Ltd.,
1250 Rue Saint-Alexandre

9

Montreal, QC, Canada

Michael Rey
Cardinal Clothes, Inc.,
160 St. Viateur St. East #601
Montreal, QC, Canada

Barbara Blank
J.S. Blank & Co., Inc.,
15 West 36th Street
New York, New York

Mervyn Mandelbaum
Superba, Inc.
1735 South Sante Fe
Los Angeles, California

Homi Patel
Hartmarx Corp.
101 N Wacker Drive
Chicago, Illinois

**INTERROGATORY NO. 14:**

*Identify each representative of any fabric mill with whom you have had any communication from July 13, 2005 to July 13, 2007 concerning the acquisition of, or plans to acquire, fabrics and trim for use on any product to be sold, or intended to be sold, by you.*

**RESPONSE:**

Abboud objects to Interrogatory No. 14 on the grounds set forth in the General Objections. Subject to and without waiving said objections, Abboud states that he knows of no such person.

**INTERROGATORY NO. 15:**

*Identify each reporter or other member of the media with whom you have had any communication concerning the ABBOUD marks or the New Menswear Business, and all documents relating to such communications.*

**RESPONSE:**

Abboud objects to Interrogatory No. 15 on the grounds set forth in the General Objections and, in particular, on the grounds that the Request seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Abboud identifies the following individuals:

10

David Lipke
*DNR*
750 Third Avenue, 10th Floor
New York, New York

Ray Smith
*The Wall Street Journal*
200 Liberty Street
New York, New York

Tina Sutton
*The Boston Globe*
135 Morrissey Blvd.
Boston, Massachusetts

**INTERROGATORY NO. 16:**

*Identify each person from whom you directly or indirectly received legal advice concerning your right to use any ABBOUD mark or the term "jaz," including each document containing all or part of any such legal advice.*

**RESPONSE:**

Abboud objects to Interrogatory No. 16 on the grounds set forth in the General Objections and, in particular, on the grounds that the Request seeks information that is privileged or exempt from discovery under the attorney-client privilege, work product doctrine, or other privilege or exemption under applicable law. Subject to and without waiving said objections, Abboud identifies the following individuals:

Theodore E. Dinsmoor, Esq.
128 Great Plain Ave.,
Wellesley, Massachusetts

John Dermott Mitchell, Esq.
Piliero Goldstein Kogan & Mitchell, LLP
10 East 53rd Street
New York, New York

**INTERROGATORY NO. 17:**

*Identify each person at Lord & Taylor, including any of its employees or corporate affiliates, who is knowledgeable as to any actual or potential business relationship between you and Lord & Taylor or any of its employees or corporate affiliates, which commenced or is scheduled to commence after July 13, 2005, including your providing design or consulting services to Lord & Taylor.*

**RESPONSE:**

Abboud objects to Interrogatory No. 17 on the grounds set forth in the General Objections. Subject to and without waiving said objections, Abboud identifies the following individuals:

Joseph Abboud
90 Pine Brook Road
Bedford, New York

Richard Baker
NRDC Equity Partners
3 Manhattanville Rd # 202
Purchase, New York

Donald Watros
NRDC Equity Partners
3 Manhattanville Rd # 202
Purchase, New York

Jane Elfers
Lord & Taylor, LLC
424 5th Avenue
New York, New York

**INTERROGATORY NO. 18:**

*Identify each person whom you intend to use as an expert witness in connection with any hearing or trial in this action, whether by live testimony, deposition testimony, affidavit or otherwise, and for each such expert, (i) state the subject matter on which he or she is expected to testify; (ii) state the facts and opinions as to which he or she is expected to testify; and (iii) provide a summary of the grounds for his or her expert opinion.*

**RESPONSE:**

Abboud objects to Interrogatory No. 18 on the grounds set forth in the General Objections and, in particular, on the grounds that the Request imposes obligations that exceed those set out in the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York, including, but not limited to, Local Civil Rule 33.3. Subject to and without waiving said objections, Abboud states that at present, there is no such person.

**INTERROGATORY NO. 19:**

*Identify each person, other than experts, whom you intend to use as a witness in connection with any hearing or trial in this action, whether by live testimony, deposition testimony, affidavit or otherwise, and state the subject matter on which each such person is expected to testify.*

12

**RESPONSE:**

Abboud objects to Document Request No. 19 on the grounds set forth in the General Objections and, in particular, on the grounds that the Request imposes obligations that exceed those set out in the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York, including, but not limited to, Local Civil Rule 33.3. Subject to and without waiving said objections, Abboud states that the Request is premature.

**INTERROGATORY NO. 20:**

*Identify each officer, director and shareholder of Houndstooth Corp. and Herringbone Creative Services, Inc.*

**RESPONSE:**

Abboud objects to Interrogatory No. 20 on the grounds set forth in the General Objections and on the grounds that the Requests seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Abboud identifies the following individual:

Joseph Abboud
90 Pine Brook Road
Bedford, New York

Dated: New York, New York
October 19, 2007

Respectfully Submitted,

ARNOLD & PORTER LLP

By: /s/ Louis S. Ederer
Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
399 Park Avenue
New York, New York 10022
(212) 715-1000

*Attorneys for Defendants and Counterclaim Plaintiffs*

## VERIFICATION

I, Joseph Abboud, am an officer of defendants Houndstooth Corp. and Herringbone Creative Services, Inc. I have read the foregoing Responses And Objections To JA Apparel's First Set Of Interrogatories and know the contents thereof, and the same are true to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on October 17, 2007.

_____
Joseph Abboud