Louis S. Ederer(LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000
*Attorneys for Defendants and*
*Counterclaim Plaintiffs Joseph Abboud, Houndstooth Corp.*
*and Herringbone Creative Services, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

JA APPAREL CORP.,

        Plaintiff,

        v.

JOSEPH ABBOUD, HOUNDSTOOTH
CORP., and HERRINGBONE CREATIVE
SERVICES, INC.,

        Defendants.
------------------------------------------------------------
JOSEPH ABBOUD, HOUNDSTOOTH
CORP., and HERRINGBONE CREATIVE
SERVICES, INC.,

        Counterclaim Plaintiffs,

        v.

JA APPAREL CORP. and MARTIN STAFF,

        Counterclaim Defendants.
------------------------------------------------------------ x

Civil Action No. 07 CV 07787 (DAB)

**DECLARATION OF LOUIS S. EDERER IN SUPPORT OF CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNTS ONE THROUGH SEVEN AND COUNT NINE OF PLAINTIFF'S COMPLAINT AND IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF PAROL EVIDENCE**

# EXHIBIT D



JOSEPH ABBOUD
CHAIRMAN

November 11, 1999

PERSONAL AND CONFIDENTIAL

Mr. Roberto Jorio Fili
Chief Executive Officer
GFT SpA
corso Emilia 6
10152 Torino ITALY

Dear Roberto,

After our meeting this morning and our phone conversation with Mr. Romiti, this is my understanding of our mutual position on various points thus far.

This letter is to clarify which issues are still in negotiation and which issues need further discussion and clarification.

I. <u>Points of Agreement</u>

A. $50 - $55 Million at signing for all Joseph Abboud trademarks.

B. Establish formula for a future earn-out linked to a development plan of growth and profit.

C. Establish salary and compensation package to be mutually agreed upon under an exclusive contract for a minimum of five years.

II. <u>Points To Be Finalized</u>

A. Although we agree in principal to an "<u>earn-out</u>," we must devise a formula that allows us to reach a greater value based on future success with no minimum attached for HdP, to be negotiated by Joe Anton and HdP.

B. A <u>Salary/Compensation Package</u>, including first-class travel and expenses, should be established commensurate with the active role of the designer within the corporation. All benefit programs to be made available consistent with HdP top management.

D 04370

CONFIDENTIAL



DIN00046



III. <u>Overall Points of Strategy</u>

A. Create a <u>steering committee</u> to set overall directive for the company with Roberto Jorio Fili to implement growth and profit. (If I have an earn-out with no minimum, I must be able to help set the initiatives based on approval by the board or steering committee.) We must establish a reporting structure that allows for maximum creativity, growth and profitability.

B. Establish a <u>European base</u> in Italy complete with showrooms, design studio and proper staff to support European and global markets.

C. Establish a <u>retail strategy</u> to open flagship stores in key strategic locations, i.e. New York, London, Milan, to perpetuate the brand awareness.

D. <u>Launch of Womenswear</u> based on serious requests from our customer base such as Nordstrom, Saks, Neiman Marcus and Dayton Hudson.

E. <u>Presentations of the Collections</u> in both Milan and Florence for both commercial and editorial awareness.

F. Review <u>J.O.E.</u> as a diffusion for the younger customer based on an overall strategic business plan either through licensing, joint venture with specialized third parties, or in-house development at the discretion of the shareholders.

G. I would personally want all <u>creative</u>, <u>marketing</u>, <u>advertising</u> and <u>PR</u> teams to report directly to me in order to implement the vision of the company for future growth in order to be personally effective while maintaining financial disciplines and compatibility.

H. More intensive <u>advertising/marketing</u> of the brand to create global awareness.

All of the above issues are obviously subject to a sound business plan and endorsement by the company

Although we have been in various discussions with other potential international buyers who might give us greater initial value, we are willing to grant exclusivity because my sincere preference is to find an agreement with HdP based on our past relationship, as well as our future opportunities. My ultimate goal, through hard work and determination, is to build the Joseph Abboud name into the successful global brand I know it can be.

CONFIDENTIAL   D 04371

DIN00047

<u>We will grant exclusivity through the closing date of February 28th, 2000</u> with the understanding that both parties will work diligently and in good faith to resolve the open issues as soon as possible.

Finally, a definitive <u>agreement between the parties is subject to the mutual satisfaction of Joseph Abboud and HdP</u> on the above open issues.

If you concur with the above outline, please sign both original copies and return one to me.

I hope this is the beginning of a long, successful relationship for all of us.

_____  11/11/99          _____
Joseph Abboud            date               Roberto Jorio Fili        date
Houndstooth Corp.                           GFT SpA

cc: Mr. Maurizio Romiti

D 04372

CONFIDENTIAL

DIN00048