Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000
*Attorneys for Defendants and
Counterclaim Plaintiffs Joseph Abboud, Houndstooth Corp.
and Herringbone Creative Services, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

JA APPAREL CORP.,

        Plaintiff,

        v.

JOSEPH ABBOUD, HOUNDSTOOTH
CORP., and HERRINGBONE CREATIVE
SERVICES, INC.,

        Defendants.
---------------------------------------------------------------
JOSEPH ABBOUD, HOUNDSTOOTH
CORP., and HERRINGBONE CREATIVE
SERVICES, INC.,

        Counterclaim Plaintiffs,

        v.

JA APPAREL CORP. and MARTIN STAFF,

        Counterclaim Defendants.
---------------------------------------------------------------x

Civil Action No. 07 CV 07787 (DAB)

**DECLARATION OF LOUIS S. EDERER IN SUPPORT OF CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNTS ONE THROUGH SEVEN AND COUNT NINE OF PLAINTIFF'S COMPLAINT AND IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF PAROL EVIDENCE**

# EXHIBIT H

CJJ

# FINNEGAN, HICKEY, DINSMOOR & JOHNSON, P.C.
COUNSELLORS AT LAW

175 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110
(617) 523-2500
FAX (617) 422-6080

February 15, 2000

**VIA TELECOPIER**

Jeffrey E. LaGueux
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Re:   **Proposed Houndstooth/Abboud/GFT/JA Apparel Transaction**

Dear Jeff:

I have received and reviewed your February 10 draft of a letter agreement regarding the proposed acquisition of certain assets by GFT S.p.A. and its subsidiary, JA Apparel Corp., from Mr. Abboud and Houndstooth Corporation. As a result of my review and my discussions with Mr. Joseph Abboud I offer the following comments:

1. As to paragraph 3 et. seq. the words "side letter" should be followed by the word "agreement".

2. As to paragraph 3 and Mr. Abboud's services, please note that the non-competition covenant should not extend beyond the five year term of Mr. Abboud's personal services. However, the side letter agreement may provide that upon mutually acceptable terms and conditions the parties can renew their agreement for Mr. Abboud's services at or before the end of the five-year term. Also, you should make it clear that the non-competition covenant is ancillary to the purchase of assets and not ancillary to Mr. Abboud's services.

3. As to paragraph 3 and Mr. Abboud's services, please note that Mr. Abboud should be entitled to receive certain executive perquisites, as follows:

PL00127

CONFIDENTIAL


DEFENDANT'S EXHIBIT 6

KSC00004307

FINNEGAN, HICKEY, DINSMOOR & JOHNSON, P.C.

Jeffrey E. LaGueux
February 15, 2000
Page 2

    a)      a corporate expense account commensurate with his position as Honorary Chairman; and, a corporate credit card for purposes of charging items to his corporate expense account;

    b)      continuation of Mr. Abboud's present clothing allowance;

    c)      car and driver, or car service, for Mr. Abboud's use in performing his services;

    d)      club dues for Mr. Abboud's business entertainment.

4. As to paragraph 3, you should delete the phrase "it being understood that the consideration for such services is included in the purchase price", as the phrase may create tax complications for Mr. Abboud.

5. As to paragraph 3, quite apart from Mr. Abboud's services, the side letter <u>agreement</u> should provide that as at the closing date, JA Apparel shall assume responsibility for Mr. Abboud's 57th Street office operations, including: rent, personnel and other business items. As I understand it, JA Apparel intends to use the space and the personnel at the 57th street office for purposes of continuing the extant non-GFT licensing activities; so the cost of all such financial responsibilities has already been put into the JA Apparel budget.

6. As to paragraph 5 and the allocation of royalties and other payments, please note that the second sentence (regarding license agreements which do not by their terms expressly refer to the spring/summer 2000 and fall/winter 2000 seasons) should provide that all royalties or other payments pursuant thereto which "are due" on or before March 31, 2000, will be retained by Houndstooth and/or Mr. Abboud; and all Royalties or other payments pursuant thereto which "are due" on or before April 1, 2000, will be for the account of Apparel. I believe the words "are due" reflect the parties' intentions better than the words "are received".

7. As to paragraph 9, the period of exclusivity should be limited to the Closing Date, April 28, 2000.

8. As to paragraph 13, please note that Mr. Abboud engaged Joseph Anton to assist him in negotiating the transaction and that Mr. Abboud is solely responsible for all fees due for Mr. Anton's services.

PL00128

CONFIDENTIAL

KSC00004308

FINNEGAN, HICKEY, DINSMOOR & JOHNSON, P.C.

Jeffrey E. LaGueux
February 15, 2000
Page 3

Please revise your draft of the letter agreement accordingly. If you have any questions, you should contact me at my office.

Cordially,

*[signature]*

Theodore E. Dinsmoor

TED/jmw

cc:   Joseph Abboud
      Joseph Anton

PL00129

CONFIDENTIAL

KSC00004309