Louis S. Ederer(LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000
*Attorneys for Defendants and
Counterclaim Plaintiffs Joseph Abboud, Houndstooth Corp.
and Herringbone Creative Services, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

JA APPAREL CORP.,

        Plaintiff,

        v.

JOSEPH ABBOUD, HOUNDSTOOTH
CORP., and HERRINGBONE CREATIVE
SERVICES, INC.,

        Defendants.
-------------------------------------------------------------
JOSEPH ABBOUD, HOUNDSTOOTH
CORP., and HERRINGBONE CREATIVE
SERVICES, INC.,

        Counterclaim Plaintiffs,

        v.

JA APPAREL CORP. and MARTIN STAFF,

        Counterclaim Defendants.
------------------------------------------------------------- x

Civil Action No. 07 CV 07787 (DAB)

**DECLARATION OF LOUIS S. EDERER IN SUPPORT OF CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNTS ONE THROUGH SEVEN AND COUNT NINE OF PLAINTIFF'S COMPLAINT AND IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF PAROL EVIDENCE**

# EXHIBIT I

25/02/2000  17:19   0039011-2397259            GFT SPA AMM.RE DEL.                PAG. 02



FACSIMILE TRANSMIT COVER SHEET

Facsimile phone number: (011) 239.7259 (CCTT GRJ)

Date    25th February 2000
From :  Roberto Jorio Fili – GFT Turin
To :    Joseph Abboud – New York

For the kind attention of Mr. Joseph Abboud

COMMENTS

Dear Joseph,

    I hope everything is fine with you and your family.

    I am in receipt of the correspondence between our legal offices.

    I have to admit my surprise at reading that, after all the personal discussions, the phone calls, the letters and our last meeting of the 2nd February, where Mr. Anton and his colleague were also present, we are still discussing on points and details on which more than once we already throughly confronted each other and on which we had, not without efforts, finally found a mutually satisfactory agreement on the 2nd February, solving every pending matter.

I particularly refer to:

1) non-competition agreement, where, from the very beginning of our discussions, it had been made clear that by acquiring for a huge amount the trade marks owned by yourself and Houndstooth Corp., GFT intends to protect itself for the future with a clause safeguarding its own investment (which incidentally will start being partially profitable on the 5th year) and not allowing the "designer" Joseph Abboud to engage in any activity which could in any way damage the growth of the business, the integrity of the investment and the consolidation and return of the same. Especially after only 5 years.

Total number of pages including this page : 2   If you don't receive all the pages call phone number 0039-11-239.7234

GFT SpA, 10152 Torino (Italia) - corso Emilia 6, tel. (011) 23271, casella postale 445 - 10100 Torino

CONFIDENTIAL PURSUANT TO COURT ORDER                                        D00008237


DEFENDANT'S EXHIBIT 8

CONFIDENTIAL                                                                KSC00005143

25/02/2000  17:19    0039011-2397259           GFT SPA AMM.RE DEL.                PAG. 03

## GRUPPO GFT

2) Right from the initial steps of our negotiation I have always declared that our objective was and still is the acquisition of the trade marks.
This concept, then, has been also repeatedly reaffirmed throughout our correspondence and it has been finally clarified during our last meeting in Milano on the 2nd February.
It is very discouraging to read that your attorney is re-discussing this point over again, and so therefore I would like, one more time, to amicably go through its main topics:

2.1 object of the acquisition are the trade marks;
2.2 we are not interested in buying companies;
2.3 we are not interested in the 57th Street premises. In case we will need additional space in view of business development, we would look for it within the 650, 5th Avenue building, actual JA Apparel head offices, for obvious reasons of cost opportunities, management synergies and lay-out rationalization;
2.4 as far as the Houndstooth employees are concerned, as already verbally discussed we are going to evaluate the following conditions:
   a) eventual necessities of JA Apparel to hire new professionals;
   b) if so, we will analize the available professionals within Houdstooth Corp and their corresponding salaries, and they will surely, when possible, be treated as in priority position;
   c) in case we find useful professionals within Houdstooth, these ones only will receive our proposal to enter our team. It will then be their choice whether to accept or not.

Dear Joseph, after so many years of cooperation and friendship, I feel sure that you will recognize in this message the truthful representation of what discussed and mutually agreed with an handshake last 2nd February.

I feel therefore convinced that, in view of all this, you will instruct your people so that these problems can be finally removed in order to formalize our agreemet within the expected schedule.

Yours faithfully

*Roberto Jorio Fili*

2

CONFIDENTIAL PURSUANT TO COURT ORDER

D00008238

CONFIDENTIAL

KSC00005144