Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000
*Attorneys for Defendants and
Counterclaim Plaintiffs Joseph Abboud, Houndstooth Corp.
and Herringbone Creative Services, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

JA APPAREL CORP.,

        Plaintiff,

v.

JOSEPH ABBOUD, HOUNDSTOOTH CORP., and HERRINGBONE CREATIVE SERVICES, INC.,

        Defendants.

-----------------------------------------------

JOSEPH ABBOUD, HOUNDSTOOTH CORP., and HERRINGBONE CREATIVE SERVICES, INC.,

        Counterclaim Plaintiffs,

v.

JA APPAREL CORP. and MARTIN STAFF,

        Counterclaim Defendants.

---------------------------------------------------------------x

Civil Action No. 07 CV 07787 (DAB)

**DECLARATION OF LOUIS S. EDERER IN SUPPORT OF CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNTS ONE THROUGH SEVEN AND COUNT NINE OF PLAINTIFF'S COMPLAINT AND IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF PAROL EVIDENCE**

# EXHIBIT R

## Patterson, Belknap, Webb & Tyler LLP

1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
Fax (212) 336-2222

[Attorney name list in left column]

Of Counsel

Harold R. Tyler

David F. Dobbins
Robert H. M. Ferguson
George S. Frazza
Robert M. Pennoyer
Robert B. Shea
Ira T. Wender, P.C.

Direct Phone
(212) 336-2094

November 5, 2002

Donald L. Kreindler, Esq.
Phillips Nizer LLP
666 Fifth Avenue
New York, NY 10103-0084

Dear Mr. Kreindler:

As you know, this firm represents Holding di Partecipazioni Industriali S.p.A. ("HdP") and JA Apparel Corp. In that connection we are writing in response to your letter dated October 8, 2002 addressed to Mr. Maurizio Romiti, Chief Executive Officer of HdP.

In your letter you indicate that your review of the facts indicates that Mr. Abboud is being prevented from performing the personal services he is obligated to perform by JA Apparel because, in your view, none of the tools necessary for Mr. Abboud to operate as Creative Director have been provided to Mr. Abboud. For the reasons set forth below, we do not agree with your analysis.

The agreed-upon terms of the services that Mr. Abboud is obligated to provide to JA Apparel and his responsibilities to JA Apparel are set forth in a Personal Services Agreement between JA Apparel and Mr. Abboud. These duties and responsibilities are clearly set forth in the language from paragraph 1 of the Personal Services Agreement which you quote in your letter. There is no mention in Paragraph 1 or in any other provision of the Personal Services Agreement of Mr. Abboud's services as Creative Director. The only contractually agreed-upon position for Mr. Abboud is that of Chairman Emeritus and the only contractually agreed-upon duties of that position are those specified in Paragraph 1. JA Apparel has never prevented or interfered with Mr. Abboud's performance of those duties. Mr. Abboud's services as Creative



CONFIDENTIAL

D 03165



Donald L. Kreindler, Esq.
November 5, 2002
Page 2

Director are not defined by or within the scope of the Personal Services Agreement, and JA Apparel has never prevented or interfered with his performance of these services.

The Personal Services Agreement and the related Purchase and Sale Agreement were heavily negotiated by the parties over an extended period of time. Mr. Abboud was actively involved in every stage of these negotiations and was represented throughout by experienced counsel of his own choosing. JA Apparel paid a generous price for the trademarks purchased pursuant to the Purchase and Sale Agreement subject to several conditions, one of which was that Mr. Abboud enter into the Personal Services Agreement. Against this factual background, we find the contention that Mr. Abboud would have never entered into the transactions with JA Apparel had he understood the actual terms of the agreements he in fact negotiated and signed to be disingenuous.

The Personal Services Agreement is a legally valid agreement which has not been breached by JA Apparel and remains in full force and effect in accordance with its terms. HdP and JA Apparel are unwilling to participate in a meeting with you and Mr. Abboud for the purpose of renegotiating the terms of the Personal Services Agreement along the lines suggested by Mr. Abboud in his letter to Mr. Romiti, dated September 24, 2002. At this time they are also unwilling to participate in a meeting with you and Mr. Abboud for the purpose of discussing any of the other matters raised in your letter. However, if you would like to have a meeting between counsel to discuss your client's contentions regarding the Personal Services Agreement we are prepared to do so.

Please do not communicate with Mr. Romiti or any other person associated with HdP or JA Apparel in the future regarding this matter. Address any future communications you may have on behalf of Mr. Abboud in this matter to me. We will also refrain from any direct communications with Mr. Abboud in this matter and will address all communications to you.

Very truly yours,

*Jeffrey E. LaGueux*
JEL

Jeffrey E. LaGueux

cc: Mr. Maurizio Romiti
    Philip R. Forlenza, Esq.

872231v1

CONFIDENTIAL

D 03166