Louis S. Ederer(LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000
*Attorneys for Defendants and*
*Counterclaim Plaintiffs Joseph Abboud, Houndstooth Corp.*
*and Herringbone Creative Services, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

| | |
|---|---|
| JA APPAREL CORP., | |
| Plaintiff, | Civil Action No. 07 CV 07787 (DAB) |
| v. | |
| JOSEPH ABBOUD, HOUNDSTOOTH CORP., and HERRINGBONE CREATIVE SERVICES, INC., | |
| Defendants. | **DECLARATION OF LOUIS S. EDERER IN SUPPORT OF CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNTS ONE THROUGH SEVEN AND COUNT NINE OF PLAINTIFF'S COMPLAINT AND IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF PAROL EVIDENCE** |
| JOSEPH ABBOUD, HOUNDSTOOTH CORP., and HERRINGBONE CREATIVE SERVICES, INC., | |
| Counterclaim Plaintiffs, | |
| v. | |
| JA APPAREL CORP. and MARTIN STAFF, | |
| Counterclaim Defendants. | |

------------------------------------------------------------- x

# EXHIBIT T

# STOCK PURCHASE AGREEMENT

## BY AND AMONG

## JA HOLDING, INC.,

### AS PURCHASER,

## GFT (U.S.A.) CORP.,

### AS SELLER,

### AND

## RCS MEDIAGROUP S.p.A

### FEBRUARY 10, 2004

30836753.DOC
963572v4

CONFIDENTIAL  DEFENDANT'S EXHIBIT 23  EXHIBIT Spie/9 11/5/07

JAAPP00020924

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| ARTICLE I | Purchase and Sale of the Stock | 2 |
| 1.1 | Purchase and Sale | 2 |
| 1.2 | Purchase Price | 2 |
| 1.3 | Closing | 3 |
| ARTICLE II | Representations and Warranties of Seller | 6 |
| 2.1 | Corporate Existence and Qualification of the Companies; Business of the Companies | 6 |
| 2.2 | No Conflicts | 6 |
| 2.3 | Governmental Authorizations | 7 |
| 2.4 | Capitalization | 8 |
| 2.5 | Right to Transfer | 8 |
| 2.6 | Binding Effect | 9 |
| 2.7 | Other Equity Interests | 9 |
| 2.8 | Financial Statements, Books and Records | 10 |
| 2.9 | No Undisclosed Liabilities | 10 |
| 2.10 | Tax Matters | 12 |
| 2.11 | Legal Proceedings | 12 |
| 2.12 | Licenses, Approvals, Other Authorizations | 15 |
| 2.13 | Labor and Employee Benefit Matters | 15 |
| 2.14 | Compliance with Laws | 16 |
| 2.15 | Insurance | 19 |
| 2.16 | Contracts | 19 |
| 2.17 | Environmental Compliance | 20 |
| 2.18 | Properties | 22 |
| 2.19 | Intellectual Property | 24 |
| 2.20 | Bank Accounts | 24 |
| 2.21 | Absence of Certain Changes | 27 |
| 2.22 | Brokers and Finders | 27 |
| 2.23 | Accounts Receivable | 29 |
| 2.24 | Labor Matters | 29 |
| 2.25 | Customers and Suppliers | 30 |
| 2.26 | Related Party Transactions | 31 |
| 2.27 | Inventories | 31 |
| 2.28 | Condition of Assets | 31 |
| 2.29 | Columbus Circle Capital Expenditures | 32 |
| 2.30 | Disclosure | 32 |
| ARTICLE III | Representations and Warranties of Purchaser | 32 |
| 3.1 | Organization, Good Standing and Authority | 32 |
| 3.2 | Due Authorization, Enforceability and No Conflicts | 32 |
| 3.3 | Governmental Authorizations | 33 |
| 3.4 | Brokers and Finders | 33 |

CONFIDENTIAL

JAAPP00020924

| | | |
|---|---|---|
| 8.7 | Severability | |
| 8.8 | Captions | 74 |
| 8.9 | Counterparts | 74 |
| 8.10 | Governing Law; Jurisdiction | 75 |
| 8.11 | Remedies | 75 |
| 8.12 | Public Announcements | 76 |
| 8.13 | Entire Agreement | 76 |
| 8.14 | Confidentiality | 76 |
| | | 77 |

**EXHIBITS**
Exhibit A — Form of FIRPTA Certificate
Exhibit B — Debt Financing Commitment Letter

**SCHEDULES**
Schedule 2.2 — No Conflicts
Schedule 2.3 — Governmental Authorizations and Consents
Schedule 2.7 — Other Equity Interests
Schedule 2.8(a) — Unaudited Balance Sheets
Schedule 2.8(b) — Unaudited Statements of Income, Stockholders' Equity and Cash Flows
Schedule 2.8(c) — Minute Book and Corporate Actions
Schedule 2.9 — No Undisclosed Liabilities
Schedule 2.10(a) — Tax Matters
Schedule 2.10(g) — Interests
Schedule 2.11 — Legal Proceedings
Schedule 2.13(a) — Employee Benefit Plans
Schedule 2.13(c) — Formal Plans and Commitments
Schedule 2.13(d) — Certain Plans
Schedule 2.13(e) — Multiemployer Plans
Schedule 2.13(i) — Labor and Employee Benefit Matters
Schedule 2.13(j) — Payments to Employees
Schedule 2.14 — Compliance with Laws
Schedule 2.15(a) — Insurance Policies
Schedule 2.15(b) — Pending Insurance Claims
Schedule 2.16(a) — Contracts
Schedule 2.16(b) — Contracts Violations
Schedule 2.17 — Environmental Compliance
Schedule 2.18 — Properties
Schedule 2.19(b) — Intellectual Property Rights
Schedule 2.19(c) — Third Party Interests in Intellectual Property Rights
Schedule 2.19(d) — License Agreements
Schedule 2.19(e) — Infringement Claims
Schedule 2.20 — Bank Accounts
Schedule 2.21 — Absence of Certain Changes
Schedule 2.22 — Brokers and Finders

CONFIDENTIAL

JAAPP00020924

| | |
|---|---|
| Schedule 2.23 | Accounts Receivables |
| Schedule 2.24 | Labor Matters |
| Schedule 2.25(a) | Major Customers |
| Schedule 2.25(b) | Major Suppliers |
| Schedule 2.25(c) | Conflicts with Major Customers Major Suppliers |
| Schedule 2.26 | Related Party Transactions |
| Schedule 2.27 | Inventories |
| Schedule 2.28 | Condition of Assets |
| Schedule 2.29 | Columbus Circle Capital Expenditures |
| Schedule 3.3 | Governmental Authorizations |
| Schedule 3.4 | Brokers and Finders |
| Schedule 4.1(a)(i) | Conduct of Business |
| Schedule 4.1(a)(vii) | Certain Compensation and Benefits Increases |
| Schedule 4.1(a)(xiv) | Affiliate Transactions and Arrangements |
| Schedule 4.1(a)(xvii) | Certain Employment-related Contracts |
| Schedule 4.1(a)(xix) | Budgeted Commitments for Capital Expenditures and Acquisitions |
| Schedule 4.2 | Confidentiality Agreements |
| Schedule 4.9 | Indebtedness |
| Schedule 4.10 | Contracts to Remain in Name of Seller |
| Schedule 4.11 | Certain Employees |
| Schedule 5.2(n) | Required Consents |

CONFIDENTIAL

JAAPP00020924

asbestos-containing material, medical and biological waste, polychlorinated biphenyls, and petroleum and any products or any fraction thereof.

2.18 <u>Properties</u>. Except as disclosed on <u>Schedule 2.18</u> and except for personal property and assets sold since September 30, 2003 in the ordinary course of business consistent with past practice, each of the Companies has good (and with respect to real property, marketable) title to, or in the case of leased property valid leasehold interests in, all personal property and assets (whether real or personal, tangible or intangible) reflected on the September 30 Balance Sheets or acquired after September 30, 2003, and none of such property or assets (whether real or personal) is subject to any Liens or with respect to real property, material title defects, except Liens for Taxes not yet due. <u>Schedule 2.18</u> sets forth a list of all of the real property interests owned or leased by each of the Companies. Each of the Companies is in possession of and has the legal right to possess and quietly enjoy such real property (subject to no rights of occupancy or use granted by any company other than as set forth on <u>Schedule 2.18</u>) and has received no written notice from any Person asserting any claim or right inconsistent therewith. None of the foregoing real property is located in a flood zone as designated by the U.S. Department of Housing and Urban Development or is the subject of any pending, or to the Knowledge of Seller threatened, condemnation or eminent domain proceeding. No part of the facility owned by Nashawena located in Riverside, Massachusetts (the "<u>Riverside Facility</u>"), comprises part of a tax lot which includes property not owned by Nashawena. For purposes of this Section 2.18, fixtures shall be deemed to constitute real property.

2.19 <u>Intellectual Property</u>.

(a) To the Seller's Knowledge, the businesses of the Companies as presently conducted do not infringe upon or violate the Intellectual Property (as defined below) of any Person. To the Knowledge of Seller, no Person is infringing or has infringed, and neither

CONFIDENTIAL

JAAPP00020924

Seller nor any of the Companies has received any written or verbal notice that any Person is infringing or has infringed, upon any of the Intellectual Property Rights (as defined below) of any of the Companies. The Companies own (or possess enforceable licenses or other rights to use) all Intellectual Property used in the conduct of their respective businesses as presently conducted. As used herein, "Intellectual Property" means any and all United States or foreign: (i) patents (including, without limitation, utility patents, design patents, industrial designs, plant patents, inventors' certificates and utility models) and patent applications (including docketed patent disclosures awaiting filing, reissues, divisions, continuations, continuations-in-part and extensions), patent disclosures awaiting filing determination, inventions and improvements thereto; (ii) trademarks, service marks, trade names, trade dress, logos, business and product names, designs, slogans, goodwill and registrations and applications for registration thereof; (iii) copyright registrations and copyrights, pending applications therefor; (iv) company names and domain names; (v) inventions, processes, designs, formulae, trade secrets, know-how, industrial models, confidential and technical information, manufacturing, engineering and technical drawings, product specifications, customer profiles, business plans, sales plans and confidential business information; (vi) intellectual property rights and licenses similar to any of the foregoing; and (vii) any and all causes of action (and the proceeds thereof) in favor of any of the Companies heretofore accrued or hereafter accruing with respect with respect to any of the foregoing.

(b)  Schedule 2.19(b) sets forth a list of all Intellectual Property, in each case which is owned, licensed or otherwise used or held for use by the Companies or used in the businesses of the Companies as currently being conducted (collectively, the "Intellectual Property Rights").

(c)  Except as disclosed on Schedule 2.19(c), (i) the Companies are the owners of, with all right, title and interest in and to (free and clear of any Lien) the Intellectual

30836753.DOC
963572v4

25

CONFIDENTIAL

JAAPP00020924

Property Rights described on Schedule 2.19(b) and, without being contractually obligated to pay any compensation to any third party in respect thereof, have the right to the use thereof or the material covered thereby in connection with their businesses, (ii) the Companies have not entered into any agreements, settlements or consents pertaining to the Intellectual Property Rights owned by the Companies and have not granted any licenses or other rights to the Intellectual Property Rights owned by the Companies to any other Person and no other Person has granted to the Companies any licenses or other rights to the Intellectual Property Rights anywhere in the world and (iii) to the Knowledge of Seller, no current or former employee, stockholder, officer, director, consultant, Affiliate or independent consultant of or to any of the Companies has any claim or interest in or with respect to any of the Intellectual Property Rights owned by the Companies. Seller has delivered or otherwise made available to Purchaser copies of each such license or other agreement.

(d) Except as set forth on Schedule 2.19(d), Seller has no Knowledge of any breach under any such license agreement. Except as set forth on Schedule 2.19(d), there are no interferences, oppositions, cancellations, government investigations or other contested proceedings pending, or to the Knowledge of Seller threatened, in the United States Copyright Office, the United States Patent and Trademark Office, any foreign Trademark Office, other governmental agencies or any federal or foreign court, relating to any registration, grant, license or pending application with respect to any Intellectual Property Rights owned by the Companies.

(e) Except as set forth on Schedule 2.19(e), (i) none of the Companies has been sued or charged or been a defendant in any claim, suit, litigation, action or other proceeding pending or, to the Knowledge of Seller, threatened against any of the Companies which involves a claim of infringement of any intellectual property rights anywhere in the world, and (ii) to the Knowledge of Seller, there are no other claims that the Companies are infringing

CONFIDENTIAL

JAAPP00020924

any existing patent, trademark, copyright or other intellectual property rights without regard to whether any such patent, trademark, copyright or other Intellectual Property Right is ultimately found to be valid, anywhere in the world.

(f) The Agreement of Purchase and Sale dated as of June 16, 2000 by and among Apparel, Joseph Abboud and Houndstooth Corporation is legally valid and binding and, to the Knowledge of Seller, is enforceable in accordance with its terms against Joseph Abboud and Houndstooth Corporation, except that (i) such enforcement may be subject to any bankruptcy, insolvency, reorganization, moratorium, fraudulent transfer or other laws, now or hereafter in effect, relating to or limiting creditors' rights generally and (ii) the remedy of specific performance and injunctive and other forms of equitable relief may be subject to equitable defenses and to the discretion of the court before which any proceeding therefor may be brought.

2.20 <u>Bank Accounts</u>. <u>Schedule 2.20</u> sets forth a list of each bank at which any of the Companies has an account or safe deposit box and the address of each such bank, the number of such account or box and the name of each individual authorized to draw on or have access thereto.

2.21 <u>Absence of Certain Changes</u>. Since December 31, 2002, except as set forth on <u>Schedule 2.21</u>, each of the Companies has conducted its business in the ordinary course and maintained its records and books of account in reasonable detail which accurately and fairly reflect the transactions of such entity in all material respects. Since December 31, 2002, there has not been, except as disclosed on <u>Schedule 2.21</u>:

(a) Any changes in the nature of the business of any of the Companies, the results of its operations, its assets, its financial condition, or the manner of conducting its business which has had a Material Adverse Effect;

CONFIDENTIAL

JAAPP00020924