# KAYE SCHOLER LLP

Thomas A. Smart
212 836-8761
Fax 212 836-6480
tsmart@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

March 6, 2008

**BY HAND**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/08

The Honorable Theodore H. Katz
United States Magistrate Judge
United States District Court for the
 Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1581

Re:   *JA Apparel Corp. v. Joseph Abboud*
      07 CIV 7787 (DAB) (THK)

Dear Judge Katz:

   We are in receipt of the March 5, 2008 letter from Mr. Ederer to the Court enclosing a 16-page "bench memorandum" regarding supposed use of descriptive terms and enclosing two examples of ads that defendants propose to use.

   We note at the outset that the Court should not reach the issue of descriptive use because under the plain and unambiguous language of the Purchase and Sale Agreement, Mr. Abboud sold all right, title and interest in and to the name, trademark, trade name, service mark, logo, insignia and designation Joseph Abboud. Indeed, as the Court has already seen, in PX-326 Mr. Abboud acknowledged that this was the case as he wrote that the decision to go forward with the sale was "**emotional**, because *I am relinquishing my name (albeit for a large sum).*" (Bold in original; italics added).

   We also feel compelled to point out that defendants have once again dropped yet another brief on the Court relating to the issues of the case which was not requested by the Court and not provided for by the schedule relating to trial of this case. The scheduling order provided that the parties were to exchange Findings of Fact and Conclusions of Law on February 13, 2008. It did not provide for any additional briefs; not the brief defendants filed on the eve of trial, and not this one, either. Furthermore, in a conversation with Mr. Geraci yesterday, Mr. Ederer informed him that defendants would be submitting a proposed "descriptive" use to the Court but declined to show it to us in advance, let alone advise us that defendants intended to submit a 16-page brief with more than 30 citations to cases in support of such use.

**KAYE SCHOLER**LLP

Hon. Theodore H. Katz                    2                    March 6, 2008

We have asked repeatedly in this case for the defendants to explain what uses they intend to make of the words "Joseph Abboud" in advertising and have been met repeatedly with stonewalling and obfuscation. Now, in the middle of the trial, without warning, defendants come forward with these "mockup" ads. And, rather than showing us these examples in any sort of good faith, defendants have used the examples to file yet another brief replete with new authorities. Indeed, 23 of the 37 cases cited in yesterday's surprise brief were not even cited in defendants' conclusions of law or trial brief. We feel sandbagged again and with good reason.

In addition, given other obligations of lawyers on our team, we cannot turn on a dime and respond to defendants' memorandum. We accordingly request that the Court defer reading or consideration of the bench memorandum and defendants' mockups until we have had sufficient time to analyze their brief and cases and to respond after the trial is completed. We would ask that we have until March 14, 2008 to file a written response to defendants' brief.

Suffice it to say for now that we do not believe that the cases on which defendants rely stand for the proposition that Mr. Abboud can use his name in an advertisement regardless of whether that use causes confusion. Nor do we believe that fair use cases relating to ordinary English language words are applicable here where Mr. Abboud sold his name and trademark for $65.5 million. Finally, we believe that there is nothing fair or descriptive about the two proposed uses, which are clearly designed to notify consumers that Mr. Abboud is the source of the jaz line, which is the function of a trademark. Particularly where Mr. Abboud has already used and registered his name as a trademark, it is disingenuous in the extreme to suggest that consumers can or will distinguish between the use of Mr. Abboud's name in the two mock ups and the use of the identical name by JA Apparel in its advertising of the Joseph Abboud brand.

As the Second Circuit has explained, "[t]o protect the property interest of the purchaser, . . . the courts will be especially alert to foreclose attempts by the seller to 'keep for himself the essential thing he sold, and also keep the price he got for it.'" *Levitt Corp. v. Levitt*, 593 F.2d 463, 468 (2d Cir. 1979) (quoting *Guth v. Guth Chocolate Co.*, 224 F. 932, 934 (4th Cir. 1915). The two examples provided by defendants confirm that Mr. Abboud is seeking to keep for himself the essential thing he sold and also the price he got for it.

                                                        Respectfully,

                                                        *[signature]*
                                                        Thomas A. Smart

*[handwritten note: This matter can be addressed in a post-trial submission.]*

cc:   Louis S. Ederer, Esq.
      Phillip A. Geraci, Esq.

**SO ORDERED**
3/7/08
*[signature]*
**THEODORE H. KATZ**
**UNITED STATES MAGISTRATE JUDGE**