USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JA APPAREL CORP.,

                Plaintiff,                          07 CIVIL 7787 (THK)

     -against-                                    **JUDGMENT**

JOSEPH ABBOUD, HOUNDSTOOTH CORP., and
HERRINGBONE CREATIVE SERVICES, INC.,
                Defendants.
-------------------------------------------------------X
JOSEPH ABBOUD, HOUNDSTOOTH CORP., and
HERRINGBONE CREATIVE SERVICES, INC.,
                Counterclaim-Plaintiffs,

     -against-

JA APPAREL CORP. and MARTIN STAFF,
                Counterclaim-Defendants.
-------------------------------------------------------X

       Whereas the above-captioned action having come before this Court, and the matter having come before the Honorable Theodore H. Katz, United States Magistrate Judge, and the Court, on June 4, 2008, having rendered its Memorandum Opinion and Order that:

1)    In the June 16, 2000 Purchase and Sale Agreement, Abboud sold, and JA purchased, all rights that exist in, and all rights to use and apply for the registration of, the names, trademarks, trade names, service marks, logos, insignias, and designations that contain the words "Joseph Abboud," "designed by Joseph Abboud," "by Joseph Abboud," or anything similar to or derivative thereof, either alone or in conjunction with other words or symbols, for any and all products and services;

2)    Abboud's proposed use of his name in connection with his new "jaz" line would constitute (a) a breach of the June 16, 200 Purchase and Sale Agreement and (b) trademark infringement

under section 32(1) of the Lanham Act, 15 U.S.C. §1114(l);

3) Permanently enjoining and restricting Abboud from using his personal name to sell, market, or otherwise promote, goods, products, and services to the consuming public;

4) Abboud engaged in activities during the Restricted Period set forth in the July 13, 2000 Side Letter Agreement, which constitutes breaches of that agreement's non-competition provision; nevertheless, the Court exercises its discretion not to award Plaintiff damages as a result of these breaches;

5) Dismissing Plaintiff's claims for (a) dilution, unfair competition, and false designation of origin under Sections 43(a) & (c) of the Lanham Act, 15 U.S.C. §§1125 (a) (1) & (c)(1), N.Y. Gen. Bus. Law §§ 360-61, and the common law, and (b) false and deceptive trade practices under N.Y. Gen. Bus. Law §§349-50;

6) Dismissing Defendants' counterclaims for (a) right of publicity, false designation of origin and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), (b) right of publicity under N.Y. Civil Rights Law §§50-51, (c) false and deceptive trade practices under the common law,

and directing the Clerk of the Court to enter Judgment consistent with the terms of the Memorandum Opinion and Order dated June 4, 2008, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated June 4, 2008,

1) In the June 16, 2000 Purchase and Sale Agreement, Abboud sold, and JA purchased, all rights that exist in, and all rights to use and apply for the registration of, the names, trademarks, trade names, service marks, logos, insignias, and designations that contain the words "Joseph Abboud," "designed by Joseph Abboud," "by Joseph Abboud," or anything

similar to or derivative thereof, either alone or in conjunction with other words or symbols, for any and all products and services;

2) Abboud's proposed use of his name in connection with his new "jaz" line would constitute (a) a breach of the June 16, 200 Purchase and Sale Agreement and (b) trademark infringement under section 32(1) of the Lanham Act, 15 U.S.C. §1114(l);

3) Abboud is permanently enjoined and restricted from using his personal name to sell, market, or otherwise promote, goods, products, and services to the consuming public;

4) Abboud engaged in activities during the Restricted Period set forth in the July 13, 2000 Side Letter Agreement, which constitutes breaches of that agreement's non-competition provision; nevertheless, the Court exercises its discretion not to award Plaintiff damages as a result of these breaches;

5) Plaintiff's claims for (a) dilution, unfair competition, and false designation of origin under Sections 43(a) & (c) of the Lanham Act, 15 U.S.C. §§1125 (a) (1) & (c)(1), N.Y. Gen. Bus. Law §§ 360-61, and the common law, and (b) false and deceptive trade practices under N.Y. Gen. Bus. Law §§349-50, are hereby dismissed;

6) Defendants' counterclaims for (a) right of publicity, false designation of origin and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), (b) right of publicity under N.Y. Civil Rights Law §§50-51, (c) false and deceptive trade practices under the common law, are hereby dismissed.

Dated: New York, New York
       June 6, 2008

J. MICHAEL McMAHON

Clerk of Court

BY: _____
Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____