UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JA APPAREL CORP.,

                Plaintiff,

-against-

JOSEPH ABBOUD, HOUNDSTOOTH CORP., and
HERRINGBONE CREATIVE SERVICES, INC.,

                Defendants.

---

JOSEPH ABBOUD, HOUNDSTOOTH CORP., and
HERRINGBONE CREATIVE SERVICES, INC.,

                Counterclaim Plaintiffs,

-against-

JA APPAREL CORP. and MARTIN STAFF,

                Counterclaim Defendants.

---

Civil Action No. 07 CV 07787
(DAB) (THK)

**NOTICE OF APPEAL**



PLEASE TAKE NOTICE that the Defendants and Counterclaim Plaintiffs in the above-referenced action, Joseph Abboud ("Abboud"), Houndstooth Corp., and Herringbone Creative Services, Inc., hereby appeal to The United States Court of Appeals for the Second Circuit from the Decision and Order of the District Court, dated June 5, 2008, and from the judgment of the District Court entered on June 6, 2008:

    (a)    Determining that, under the parties' June 16, 2000 Purchase and Sale Agreement, Abboud sold, and Plaintiff JA Apparel Corp. purchased, all rights that exist in the words "Joseph Abboud," or anything similar to or derivative thereof, either alone or in conjunction with other words or symbols, for any and all products and services;

    (b)    Determining that Defendants and Counterclaim Plaintiffs' proposed use of

Abboud's personal name in connection with his new "jaz" clothing line would constitute (i) a breach of the Purchase and Sale Agreement; and (ii) trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

(c) Ordering that Defendants and Counterclaim Plaintiffs be permanently enjoined and restricted from using Abboud's personal name to sell, market, or otherwise promote, goods, products, and services to the consuming public;

(d) Determining that Defendants and Counterclaim Plaintiffs engaged in activities during the Restricted Period set forth in the parties' Side Letter Agreement dated July 13, 2000 which constituted breaches of that agreement's non-competition provision;

(e) Dismissing Defendants and Counterclaim Plaintiffs' counterclaims for (i) the right of publicity, false designation of origin and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (ii) the right of publicity under N.Y. Civil Rights Law §§ 50-51; (iii) false and deceptive trade practices under N.Y. Gen. Bus. Law § 349; and (iv) unfair competition under the common law.

Dated: June 25, 2008
New York, New York

Respectfully submitted,

ARNOLD & PORTER LLP

By: _____
Louis S. Ederer
John Maltbie

399 Park Avenue
New York, New York 10022
(212) 715-1000
louis.ederer@aporter.com

*Attorneys for Defendants and Counterclaim Plaintiffs Joseph Abboud, Houndstooth Corp., and Herringbone Creative Services, Inc.*

To:   Phillip A Geraci, Esq.
      Thomas A. Smart, Esq.
      Kaye Scholer LLP
      425 Park Avenue
      New York, NY  10022

*Attorneys for Plaintiff and Counterclaim Defendant JA Apparel Corp.*